Archie H. Shaw and Elizabeth Shaw, Appellants, v. Albert C. Davis and Bank of Steeleville, Appellees.

Opinion filed March 4, 1937.  Rehearing denied March 30, 1937.

J. E. CARR, of West Frankfort, for appellants.

MICHAEL K. GRABOWSKI, of Pinckneyville, for certain appellee.

WILLIAM G. JUERGENS, of Chester, for certain other appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Perry county dismissing for want of equity a complaint filed in such court by plaintiffs who are appellants herein.

Appellees ask that the appeal be dismissed, assigning as one reason therefor that the abstract of appellants is incomplete and insufficient, as a matter of law, for the reason that it fails to show that notice of appeal was filed in the circuit court as required by statute. The abstract in that regard shows, merely, "notice of appeal, dated December 30, A. D. 1935," together with acknowledgments of the attorneys for appellees that they each had received a copy of such notice. It wholly fails to show that such notice of appeal was filed in the office of the clerk of the circuit court.

The right of appeal, under the Civil Practice Act, is purely statutory, and the provisions of the act must be complied with, otherwise the appeal is not legally perfected. One of the first requirements of the statute relative to appeal is that notice of appeal be filed in the court from which the appeal is taken; sec. 76, Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 204; Jones Ill. Stats. Ann. 104.076; and if the notice be not filed the appeal is not perfected. *People ex rel. Dilks v. Board of Education,* 283 Ill. App. 378. If there be a failure to file such notice, the attempted appeal is ineffectual and will be stricken. *Hunter v. Hill,* 284 Ill. App. 655 (Abst.), 2 N. E. (2d) 388.

It is elementary that the abstract must show all the necessary steps in the litigation and a compliance with all of the essential requirements as to appeal. *Village of Winnetka v. McMartin,* 351 Ill. 134; *Christy v. Elliott,* 216 Ill. 31. The abstract is therefore insufficient for failure to affirmatively show that appellants filed notice of appeal in the trial court within the prescribed time. Where such is true the reviewing court is not bound to entertain the appeal. *Watson v. Sullivan,* 260 Ill. App. 259; *Bour v. Cook,* 209 Ill. App. 315. The court of review, in such event, is not required to await a motion by appellees to dismiss the appeal, but may, of its own motion, dismiss such appeal for want of a

sufficient abstract. *Burk v. Weber*, 285 Ill. App. 391, 393.

It is further insisted by appellees that the record was not filed in this court within the time required. Rule 36, sec. 2, subdivision (c) of the Supreme Court requires that "the record on appeal shall be transmitted to the reviewing court not more than 30 days after the report of the proceedings . . . has been filed"; and further provides that "where the report of the proceedings at the trial . . . is filed in the trial court within proper time, but the record is not transmitted to the reviewing court before the expiration of the time fixed in this rule . . . the reviewing court shall dismiss the appeal."

Here the certificate of the clerk of the circuit court, as to completeness and authenticity of the record, bears date April 2, 1936, while it appears from the files of the cause in this court that the record was filed herein on October 7, 1936, or more than six months after the completion of the record. Hence within the rule just quoted this court has no choice except to dismiss the appeal. The law is further declared to the same effect in *West Side Trust & Savings Bank v. Damond*, 280 Ill. App. 343.

For which reasons, and each of them, the appeal is dismissed.

*Appeal dismissed.*