## Carrie Stevenson, Appellee, v. Illinois State Trust Company, Appellant.

Opinion filed November 8, 1937. Rehearing denied December 28, 1937.

H. GRADY VIEN, of East St. Louis, for appellant.

JOHN M. KARNS, of East St. Louis, and HAROLD J. BANDY, of Granite City, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Plaintiff sued for and recovered a judgment against defendant in the city court of East St. Louis, from which the latter has taken proceedings to appeal.

Defendant, on April 29, 1937, filed in this court an abstract of record together with brief and argument. On May 20, 1937, plaintiff presented her motion to dismiss the appeal, averring therein that the abstract of defendant was insufficient in that it failed to show, first, that notice of appeal was filed in the office of the clerk of the trial court; second, that it was filed within the time required by the Civil Practice Act, and third, that a copy of same was served upon plaintiff or her attorneys. On May 21, 1937, defendant filed its written objections to such motion, and on May 25, 1937, exhibited to this court its application for leave to file a supplemental abstract, alleging that its abstract appears to be deficient for the reasons claimed in plaintiff's motion as grounds for dismissing the appeal, that such matters are all shown by the transcript of the original record of the cause, and that the omission of the abstract to show such facts "was not intentional, but was accidental and inadvertent." This motion was not verified by affidavit. Plaintiff has in writing objected to the grant of the prayer of defendant's said motion. We shall consider such motions inversely in the order of their filing.

Defendant's application for leave to file a supplemental abstract is by its terms and in its effect a confession of the averments of plaintiff's motion to dismiss the appeal, as to the insufficiency of defendant's abstract. It remains to inquire whether defendant, by its said application, has shown a reason why it should be permitted to file a supplemental abstract. The only averment in that regard is that "the omission of such facts from the abstract of record heretofore filed was not intentional, but was accidental and inadvertent." This allegation is a pure conclusion, no facts or circumstances are set forth from which the court might infer that the failure was accidental and inadvertent and not the result of intention or neglect. We do not think the allegation is sufficient. Moreover, the application was not sworn to.

Number 12 of the rules of this court requires that all motions shall be in writing, and when the same is based upon matter which does not appear of record, it shall be supported by affidavit. The matters as to accident and inadvertence relied upon as the basis of the motion, are not manifested by the record, hence, within said rule, the application not being verified, was insufficient and its prayer will be denied.

This presents for consideration plaintiff's motion to dismiss the appeal; this likewise is unsworn; however, the matters upon which it is grounded are apparent of record, hence it need not be verified.

In *Shaw v. Davis,* 289 Ill. App. 447, we held: "The right of appeal, under the Civil Practice Act, is purely statutory, and the provisions of the act must be complied with, otherwise the appeal is not legally perfected. One of the first requirements of the statute relative to appeal is that notice of appeal be filed in the court from which the appeal is taken; sec. 76, Civil Practice Act, Ill. State Bar Stats. 1935, ch 110, ¶ 204; Jones Ill. Stats. Ann. 104.076; and if the notice be not

filed the appeal is not perfected. *People ex rel. Dilks v. Board of Education,* 283 Ill. App. 378. If there be a failure to file such notice, the attempted appeal is ineffectual and will be stricken. *Hunter v. Hill,* 284 Ill. App. 655 (Abst.), 2 N. E. (2d) 388.''

''It is elementary that the abstract must show all the necessary steps in the litigation and a compliance with all the essential requirements as to appeal. *Village of Winnetka v. McMartin,* 351 Ill. 134; *Christy v. Elliott,* 216 Ill. 31. The abstract is therefore insufficient for failure to affirmatively show that appellants filed notice of appeal in the trial court within the prescribed time. Where such is true the reviewing court is not bound to entertain the appeal. *Watson v. Sullivan,* 260 Ill. App. 259; *Bour v. Cook,* 209 Ill. App. 315.''

Defendant's abstract falls squarely within the rule as thus declared in *Shaw v. Davis, supra,* and the authorities cited therein, and is insufficient. In addition, defendant in its motion for leave to file a supplemental abstract has stated that ''the abstract of record heretofore filed by appellant appears to be deficient and incomplete in so far as said matters are concerned,'' referring to the claimed deficiencies set forth in plaintiff's motion to dismiss the appeal. This is a confession of its insufficiency.

The abstract of defendant, failing to show necessary jurisdictional steps in the taking of the appeal, must be held insufficient as a matter of law, and the motion to dismiss the appeal must be sustained.

*Appeal dismissed.*