## Paul Ellet, Plaintiff-Appellee, v. Ralph Wyatt, Defendant-Appellant.

### Term No. 51–O–18.

Opinion filed January 11, 1952. Released for publication February 13, 1952.

MEDLIN & ZIMMER, of Carbondale, for appellant; JAMES R. ZIMMER, of Carbondale, of counsel.

ORWIN H. PUGH, of Carbondale, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

The plaintiff filed suit in the court of the justice of the peace for loss of his dog allegedly shot and killed by the defendant. After judgment entered in the justice of the peace court, appeal was taken to the circuit court where the case was tried *de novo* by the court without a jury. The circuit court entered judgment for the plaintiff for the sum of $215 and costs and this appeal followed.

Plaintiff has filed in this court a motion to dismiss the appeal based on alleged deficiencies in the abstract. This motion was taken with the case. The sufficiency of the abstract is attacked in ten different particulars, but the important ones pertain to failure of the abstract to show when the judgment was entered, the date or manner of filing and service of notice of appeal, and the date of filing of the record or manner of service on same.

██ Plaintiff relies strongly on the cases of this court entitled *Shaw v. Davis,* 289 Ill. App. 447, and *Stevenson v. Ill. State Trust Co.,* 292 Ill. App. 528. In each of these cases this court did dismiss appeals for failure of the abstract to show the necessary jurisdictional steps in the taking of the appeal. The latter of these two cases was decided in 1937. Since then the

Supreme Court has shown a more liberal tendency in this respect, especially in the cases of *People ex rel. Sandberg v. Grabs,* 373 Ill. 423, and *People v. Nagano,* 389 Ill. 231. In the latter case, at page 237, the court uses the following language:

''While it is true that Rule 38 of this court requires that the party prosecuting an appeal shall furnish a complete abstract of the record, we have always avoided a harsh construction of said rule except for flagrant disregard thereof. The abstract in this case is not as complete as might be desired but it does refer to the notice of appeal and proof of service thereof. In fact, the notice of appeal is set forth in full and appellee Nagano makes no contention that it was not regularly and properly filed or served. Under similar circumstances, a motion to dismiss the appeal was denied in *People ex rel. Sandberg v. Grabs,* 373 Ill. 423, and we adhere to that ruling in the instant case.''

We are of the opinion that the abstractor should in every case show the jurisdictional steps in connection with the appeal, including the dates of the entering of judgment and notice of appeal, but a failure in this respect should not require dismissal of the appeal unless the failure can be seen to be of a flagrant character. Rule 38 of the Supreme Court and our rule No. 8 both state that the purpose of the abstract is that it will be sufficient to present fully every error relied upon. In the case at bar no question is raised concerning the jurisdictional steps and the abstract does show that a judgment was entered, a notice of appeal filed and an appeal bond filed and approved. One of the principal errors relied upon for reversal concerns the manifest weight of the evidence and the evidence was fully abstracted. The motion to dismiss the appeal is denied and the cases of *Shaw v. Davis,* 289 Ill. App. 447, and *Stevenson v. Ill. State Trust Co.,* 292 Ill. App. 528, are

herein overruled to the extent that they require dismissal in every case where all jurisdictional steps are not shown by the abstract.

■ The defendant assigns as errors the ruling of the trial court denying his motion to dismiss and that the judgment is contrary to the manifest weight of the evidence. The motion to dismiss and the ruling thereon are not sufficiently abstracted for us to determine that question and that contention must be treated as waived.

Turning now to the evidence, we find the testimony on behalf of the plaintiff tended to show the following: the plaintiff bought the dog for which this suit was brought about fourteen days prior to its death and paid $215 therefor; it was a Walker hound dog trained for coon hunting; it had been chained up in plaintiff's yard and kept with chickens which it did not harm; on the night of the killing plaintiff unleashed the dog to go hunting and the dog was fed and then allowed to "frisk"; it "frisked" to the defendant's yard about 150 yards away where it was shot; about ten or twelve minutes elapsed between the time the dog was unleashed and its return to the plaintiff's yard, fatally wounded; the wounds were in and about the head and chest of the dog. Plaintiff testified that he went over to the defendant's home immediately after the shooting and asked the defendant if he shot the dog; that defendant stated that he did; that he had a right to and that he had asked several officers and they said, "Shoot the dog, even if it passes by your property." Plaintiff also produced evidence that the dog was not vicious and that he had no propensities to chase or catch chickens.

Defendant's evidence did not dispute the killing but raised a question of justification on the claimed basis that the dog was killing defendant's chickens. Defendant's evidence tended to show the following: a week

423

before the shooting defendant's wife had seen the dog kill one of defendant's chickens; on the evening that the dog was shot the dog had come to the back porch of the defendant and defendant's wife had told him about it; a short time later defendant heard a noise in his chicken house and heard chickens squalling; that he grabbed his 410-gauge shot gun and flashlight and ran to the chicken house where he found the dog; the dog reared up and growled at him; he kicked at it and ran it out of the chicken house and when the dog got about thirty feet away he shot it in the rear; he shot from the hip; afterwards he found a dead hen that appeared to have been chewed; and defendant found four or five eggs lying on the ground out of a setting hen's nest.

Defendant denied the conversation as testified to by plaintiff. The defendant's version was that in answer to plaintiff's question if he, the defendant, killed the dog, the defendant said, "If it was your dog, I shot it." Defendant testified he then invited plaintiff to come into his yard and see the dead hen. Defendant and plaintiff also disagree regarding a conversation after the first chicken was allegedly killed about the week before the dog's death. The defendant claims he warned plaintiff and that the plaintiff said he would do something about it. Plaintiff claims that defendant warned him but that he informed the defendant that it positively could not have been his, plaintiff's, dog.

Defendant insists he has established justification for the shooting, either under the common law or the statute, chapter 8, section 12b, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 5.106], and that the only two witnesses to the shooting were the defendant and his wife and their version is contrary to the finding and the judgment, and, therefore, the manifest weight of the evidence is in defendant's favor.

It is true, of course, that the plaintiff could not produce an eyewitness to the shooting in order to dispute the testimony of the defendant and his wife. Plaintiff did, however, introduce evidence of facts and circumstances that, if believed, would discredit defendant's testimony, such as keeping the dog chained so that it could not have been in defendant's yard a week previous to the killing; lack of propensity for killing and harming chickens; contradiction regarding conversation; whether dog was shot from the front or rear; and the probability or improbability of there being sufficient lapse of time from the unleashing to the shooting for all that allegedly happened.

The evidence is in such a state of contradiction that we cannot see that the manifest weight of evidence is on either side. The case was peculiarly one involving a determination of the greater weight of the evidence and, of course, the lower court was in a much better position to determine this factor than are we.

For the reasons assigned, the judgment of the lower court is affirmed.

*Judgment affirmed.*

CULBERTSON, P. J. and SCHEINEMAN, J., concur.