**Martin Denenberg, Plaintiff-Appellant, v. Prudence Mutual Casualty Company, Defendant-Appellee.**

Gen. No. 53,593.

First District, Third Division.

January 29, 1970.

Thomas L. Churchwell and Leo J. Spivack, of Chicago (Masuda, Spivack & Funai, of counsel), for appellant.

Delars J. Bracy, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This is an appeal from an order under section 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 72) vacating a judgment which had been entered for the plaintiff. The plaintiff's initial action was for the value of certain

securities deposited with the defendant, Prudence Mutual Casualty Co., under the terms of an agency contract. Prudence filed an answer denying liability and a counterclaim seeking recovery for liabilities it incurred because of the plaintiff's failure to meet his obligations under the contract. The trial court entered an ex parte judgment for the plaintiff because of the defendant's failure to appear at a deposition hearing. More than thirty days thereafter the defendant filed a petition to vacate the judgment, alleging that its attorney had informed the office of the plaintiff's counsel that he would be unable to appear for the deposition and had been advised that it would be rescheduled for another date. The petition also alleged that its attorney received no notice of the plaintiff's motion for judgment. The petition and an amended petition were denied. However, on rehearing within thirty days of the denial the trial court granted the amended petition and vacated the judgment.

The plaintiff and the defendant filed briefs in this court and the case, as requested, was set for oral argument. Subsequently the argument was waived and the case submitted on the briefs.

Although the plaintiff filed a brief, he has failed to file either an abstract of the record or excerpts from the record as required by Supreme Court Rule 342, Ill Rev Stats 1967, c 110A, § 342. The abstract or the excerpts constitute the pleading of the appellant in a court of review and they must contain everything necessary to decide the issues raised in the appeal. Gribben v. Interstate Motor Freight System Co., 38 Ill App2d 123, 186 NE2d 100 (1962). It is the duty of the appellant to present an abstract (or excerpts) sufficient to set forth every error relied upon for reversal. Dempski v. Dempski, 27 Ill2d 69, 187 NE2d 734 (1963). A deficient abstract may be overlooked, inadequate excerpts disregarded, but the failure to file either abstract or excerpts warrants dismissal.

70

On appeal, all reasonable presumptions are in favor of the judgment of the trial court, and the party who prosecutes an appeal has the burden of overcoming these presumptions by affirmatively showing the errors charged. Husted v. Thompson-Hayward Chemical Co., 62 Ill App2d 287, 210 NE2d 614 (1965). Although the entire record is available to the reviewing court (Rule 342(g)) the court is not required to search the record to find a reason for reversing the judgment. Elden v. Addison Farmers Mut. Ins. Co., 90 Ill App2d 417, 233 NE2d 42 (1967).

The failure to file an abstract or excerpts is a serious omission and the appeal is dismissed.

Appeal dismissed.

SCHWARTZ and McNAMARA, JJ., concur.