WILLIAM SHAW et al., Plaintiffs-Appellees, v. ROBERT E. KRONST, Illinois District Highway Engineer, et al., Defendants-Appellants.

(No. 71-281;

Fifth District—January 17, 1973.

*Rehearing denied February 20, 1973.*

William J. Scott, Attorney General, of Springfield, (William P. Ryan, Assistant Attorney General, and Ronald C. Mottaz, Special Assistant Attorney General, of counsel,) for appellants.

Durr and Durr, of Edwardsville, (Wendell Durr, of counsel,) for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiffs-appellees commenced an action against defendants-appellants seeking an order for writ of *mandamus* which would compel defendants to institute eminent domain proceedings which would have the effect of compensating plaintiffs for damage to lands not taken ancillary to the conversion of U.S. Route 66 in Madison County to limited access highway Interstate 55. To plaintiffs' petition defendants filed a motion to dismiss,

which was denied. Defendants then filed an answer to the petition and to this plaintiffs replied. Apparently after a trial on the merits the court below entered an order for the writ of *mandamus* to issue. Defendants appeal.

We reluctantly dismiss this appeal because of the failure of appellants to comply with the Supreme Court Rules governing the preparation and presentation of the record, excerpts and briefs on appeal. The deficiencies in appellants' presentation of their case on appeal are not of a minor nature and thus require the stringent treatment we accord it.

Under the heading in appellant's brief entitled "Nature of the Case" appellants state that they are appealing from the judgment of the court which ordered a writ of *mandamus* to issue and directed defendant to pay costs. Under the heading in appellants' brief entitled "Issues Presented for Review" appellants set forth the following: "1. Did the Trial Court rule correctly in denying Defendants' Motion to Dismiss and in ordering a Writ of Mandamus to issue. 2. Did the Trial Court rule correctly in assessing costs against Defendants." The concluding portion of appellants' brief is as follows:

"Petitioner respectfully submits that the Order requiring a Writ of Mandamus to issue was in error.

WHEREFORE, Appellant prays that said cause be reversed."

■■ The abstract of the record filed by the appellants contains plaintiffs' petition and defendants' motion to dismiss and their subsequent answer to the petition but neither the order denying defendants' motion to dismiss nor the order directing the writ of *mandamus* to issue are included. This omission is contrary to the provisions of Supreme Court Rule 342 (Ill. Rev. Stat., ch. 110A, sec. 342), which expressly requires that the judgment order appealed from shall always be included in appellants' abstract. This deficiency alone is sufficient for dismissal of the appeal. (*Husted v. Thompson-Hayward Chemical Co.*, 62 Ill.App.2d 287, 210 N.E.2d 614; *Gribben v. Interstate Motor Freight System Co.*, 38 Ill.App. 2d 123, 186 N.E.2d 100; *Dowling v. Jensen*, 28 Ill.App.2d 174, 171 N.E.2d 107; *Harris v. Annunzio*, 411 Ill. 124, 103 N.E.2d 477.) But the omission of the order or judgment from which the appeal is taken is not the only serious defect.

■■ No notice of appeal is included in the abstract. By reference to the record we are able to ascertain that a notice of appeal was filed "from the order of the Circuit Court of Madison County, Illinois, entered in said cause on July 30, 1971, finding the issues in favor of the plaintiffs-appellees and against the above named defendants-appellants." Further examination of the record reveals that a judgment order was filed July 30, 1971 but the order does not find the issues in favor of the plaintiffs

and against the defendants. Rather, it is an order for a writ of *mandamus* to issue and adjudging that plaintiffs have their costs. It is clear that the notice of appeal of necessity appeals from certain specific action and is the principal pleading on appeal and that pursuant to Supreme Court Rule 342 it must be included in the abstract. See *Stevenson v. Illinois State Trust Co.*, 292 Ill.App. 528, 11 N.E.2d 840; *Shaw v. Davis*, 289 Ill.App. 447, 7 N.E.2d 331.

Defendants' abstract of the record is devoted entirely to matters appearing in the common law record and it contains nothing of the report of proceedings. Furthermore the praecipe for record makes no reference to the report of proceedings. While it appears from the judgment order filed July 30, 1971 that the parties stipulated that the testimony and exhibits in Cause No. 67 E 68 between the parties may be incorporated by reference as the evidence and exhibits in this case, neither the stipulation nor any of the testimony or exhibits of that case appear in the abstract or in a report of proceedings. The appellee has filed a three page Supplementary Abstract containing what are apparently some excerpts of testimony and other matters but nothing appears that would indicate such testimony was properly certified or otherwise prepared as part of the record or report of proceedings in this case. It contains nothing which would aid defendants in the presentation of their appeal.

■■■ Defendants state in their brief that a question is raised on the pleadings in this appeal. However, no appeal was taken from the order of court denying defendants' motion to dismiss and, as noted, the order of court denying the motion to dismiss is not in the abstract. The propriety of the dismissal of the motion to dismiss was not raised in defendants' post-trial motion and the post-trial motion is not in the abstract. Although the appeal is ostensibly taken from the order for the writ of *mandamus* to issue the thrust of the argument in defendants' brief is directed to the propriety of the court's action in denying the defendants' motion to dismiss the plaintiffs' petition. The question of whether the court was correct in denying the motion to dismiss is a question not before the court and we cannot review it. Neither can we review the propriety of the court's ruling on the order for the writ of *mandamus* since there is no report of proceedings in the record or the abstract.

■■ In order for the court of appeal to understand the questions which are presented it is essential that the court be able to determine these questions conveniently. It is true that the record on appeal is available to the court but it must be obvious that with a multiple judge panel each one is not and cannot be simultaneously possessed of the record. While at one time it is possible that counsel could have misunderstood the necessity of putting these matters in the abstract, the present wording

of the rule is too clear to admit of misunderstanding. In the instant case, the matter of these omissions was dealt with by the appellees in their brief, but the appellants in their reply brief insist that the record and abstract are sufficient.

■■ The abstract or the excerpts constitute the pleading of the appellant in a court of review and they must contain everything necessary to decide the issues raised in the appeal. (*Denenberg v. Prudence Mutual Casualty Co.*, 120 Ill.App.2d 68, 256 N.E.2d 71; *Gribben v. Interstate Motor Freight System Co.*) It is the duty of the appellant to present an abstract or excerpts sufficient to set forth every error relied upon for reversal. (*Dempski v. Dempski*, 27 Ill.2d 69, 187 N.E.2d 734.) The abstract presented in this case falls far short of the requirements of Supreme Court Rule 342 and the fundamental requirements necessary to properly present a case for review on appeal and the appeal must accordingly be dismissed.

■■ It does appear from the abstract that the appellants appealed from the order fixing costs against them. Under the cases pointed out to us, where officers of the State are made parties to the suit, it is generally the rule that costs will not be assessed against State officers in the performance of their duties without statutory authority. However, in instances in which officers fail to act where they are required to act, it may be proper to allow costs. Because we do not have the report of proceedings before us and accordingly cannot review the trial court's action, we are also unable to decide whether costs were rightfully or wrongfully allowed.

For the foregoing reasons this appeal is dismissed.

Appeal dismissed.

EBERSPACHER, P. J., and CREBS, J., concur.