OTIS GREGORY et al., Plaintiffs-Appellees, v. ANDREW WILLIAMS, Defendant-Appellant.

(No. 57990;

First District (1st Division)—October 1, 1973.

Parrillo, Sims and Bresler, of Chicago, (David J. Weiss, of counsel,) for appellant.

Reibman & Hoffman, Ltd., of Chicago, for appellees.

Mr. JUSTICE EGAN delivered the opinion of the court:

The defendant, Andrew Williams, appeals from a judgment in a personal injury action. The case was set for a pretrial conference on March 8, 1972, but neither the defendant nor his attorney appeared. The conference was continued until March 15, 1972, and, when again the defendant and his attorney failed to appear, Judge Benjamin Nelson entered an order of default. Ill. Rev. Stat. 1971, ch. 110A, par. 219(c)(v).

On May 5, 1972, the case was assigned to Judge Mel R. Jiganti for trial on the issue of damages only. On May 8, 1972, the defendant filed before Judge Jiganti a motion to vacate the default order of Judge Nelson entered on March 15. The motion was supported by the affidavit of the docket clerk of the defendant's attorneys, in which she swore that after March 8, she called the office of the plaintiffs' attorneys on three different occasions to learn the new pretrial date and each time was told by a "girl answering the phone" that she did not know the date but would find out and call her; she never received any call; on March 15, Judge Nelson called at 10:30 A.M. informing her of the pretrial and requested that an attorney come over immediately; she told Judge Nelson that there weren't any attorneys in the office but she would attempt to contact one of them in court and have him appear; she was unable to contact any of the attorneys and later received a call from the attorneys for the plaintiffs informing her of the default, she then "curtailed [her] efforts to reach an attorney to appear at the pretrial." The motion was denied, and a jury fixed the damages at $9950. The defendant's attorney participated in the jury trial.

The defendant now seeks a new trial assigning as error the order of default and certain rulings at the trial. No report of the proceedings

before Judge Jiganti has been filed before us, and the abstract does not contain the notice of appeal.

The plaintiffs have filed a motion to dismiss which we have taken with the case. They contend that the defendant did not seek a new trial in his post-trial motion and, therefore, has waived his right. In opposition to the motion to dismiss, the defendant argues that the denial of his motion for judgment *n.o.v.* is properly before this court. We disagree. In addition to the fact that his brief argued only the impropriety of the default order and rulings on evidence and instructions, the conclusion of the brief requests that the orders "be vacated and this matter be remanded for a new trial." Moreover, in no event could we decide whether he was entitled to a judgment *n.o.v.* in the absence of a report of proceedings. *Shaw v. Kronst*, 9 Ill.App.3d 807, 293 N.E.2d 153.

While he concedes that the prayer for remittitur is waived, he points out that if the judgments were vacated, set aside and held for naught "by the Appellate Court and a Directed Verdict in favor of the Defendant-Appellant were not ordered, the only alternative would be to allow this case to remain in a state of legal limbo [which he is sure the plaintiffs would not approve] or to order this matter set for a new trial."

■■ Section 68.1(5) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 68.1(5)) provides: "Any party who fails to seek a new trial in his post-trial motion, either conditionally or unconditionally, as herein provided, waives the right to apply for a new trial, except in cases in which the jury has failed to reach a verdict." It has been repeatedly held that where a post-trial motion for judgment notwithstanding the verdict does not also include a motion for a new trial, the right to a new trial is waived. *Goldbeck v. Cieslik*, 5 Ill.App.2d 529, 126 N.E.2d 417; *Starkey v. Brown Oil Co.*, 74 Ill.App.2d 270, 220 N.E.2d 12.

Section 68.1(2) provides: "Relief desired after trial in jury cases * * * must be sought in a single post-trial motion. *. * *. The post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, *and must state the relief desired,* as for example, the entry of a judgment, *the granting of a new trial* or other appropriate relief. * * *. A party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief *not particularly specified* in the motion." (Emphasis added.)

The post-trial motion included the ruling of Judge Jiganti denying his motion to vacate the default and prayed that: "the judgments herein be vacated and that judgment be entered in favor of the defendant. In the alternative * * * that the aforementioned judgments be vacated, set aside and held for naught and that the Court enter a remittitur on the aforementioned judgments."

■■ The first paragraph of the motion simply asks that the judgments be "vacated, set aside and held for naught, and that a judgment be entered in favor of the defendant and against the plaintiffs." We conclude, therefore, that a fair reading of the post-trial motion leads to the conclusion that the defendant sought a judgment notwithstanding the verdict or a remittitur, and not a new trial.

The plaintiffs also point out that the defendant failed to include the notice of appeal in the abstract. Supreme Court Rule 342 (Ill. Rev. Stat. 1971, ch. 110A, par. 342(a)) provides that the Excerpts from the Record (abstract) shall contain "the judgment or order appealed from, the notice of appeal, and the parts of the record deemed essential for the judges of the reviewing court to read in order to decide the issues presented * * *." In dismissing an appeal for this same defect, the appellate court said in *Shaw v. Kronst*, 9 Ill.App.3d 807, 810, 293 N.E.2d 153:

> "It is clear that the notice of appeal of necessity appeals from certain specific action and is the principal pleading on appeal and that pursuant to Supreme Court Rule 342 it must be included in the abstract. [Citations.]"

The defendant in opposition to the motion to dismiss argues that *Shaw v. Kronst* was not decided until after he had prepared the abstract of the record. While a serious question arises whether that should change our holding, we note that the same result was reached in *Husted v. Thompson-Hayward Chemical Co.*, 62 Ill.App.2d 287, 294, 210 N.E.2d 614, which was decided in 1965.

■ For these reasons this appeal is dismissed.

Appeal dismissed.

GOLDBERG and HALLETT, JJ., concur.