MOLLIE FOGEL, Plaintiff-Appellee, *v.* AARON "ARCHIE" HODES *et al.,* Defendants-Appellants.

First District (2nd Division)    No. 78-419

Opinion filed January 16, 1979.

Thomas Kangalos and Arthur B. Mendelson, both of Chicago, for appellants.

Richard Kumlin, of Chicago (Ellis B. Rosenzweig, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff Mollie Fogel and defendants Aaron "Archie" Hodes and Edith Hodes are beneficiaries of a land trust. The defendants appeal an order of the circuit court of Cook County directing them to exercise their powers of direction under the land trust, so as to permit the sale of the property by the plaintiff.[1] The plaintiff contends that this appeal should be dismissed due to the defendants' failure to comply with the Supreme Court Rules governing the preparation and presentation of abstracts and briefs on appeal. (Ill. Rev. Stat. 1977, ch. 110A, pars. 341 and 342.) Because we agree, only a brief summary of the facts need be set forth.

Prior to 1968, the subject property, a three-flat apartment building located at 2429 West Fargo, Chicago, Illinois, was held in a land trust at the Cosmopolitan Bank by the plaintiffs and Bernice and Ray Sachs. In 1968, the plaintiffs agreed to purchase the Sachs' interest for $21,000. The property at that time was valued at $45,000 to $50,000.

Unable to acquire a loan for this amount due to their advanced ages, the plaintiffs sought the help of the defendants, their nephew and his wife. In 1970, the defendants obtained a mortgage from the Fairfield Savings and Loan Association for $22,000. To transfer the title from the Fogel-Sachs land trust, the Cosmopolitan Bank conveyed the property to the defendants. Upon signing the note and mortgage, the defendants simultaneously deeded the property into the present land trust at the Chicago Title and Trust Company. The land trust agreement entered into on November 19, 1970, named the plaintiffs and the defendants as beneficiaries and granted each a power of direction. The following beneficial ownership clause represents the interests acquired by each:

"DORA FOGEL and MOLLY FOGEL, as joint tenants with the right of survivorship, during their lifetimes, and upon the death of the survivor of Dora Fogel and Molly Fogel, their interest not having been previously assigned, transferred or divested, in whole or in part, by any means or in any manner whatever, then and immediately thereafter, unto: ARCHIE HODES and EDITH HODES, his wife, as joint tenants, with the right of survivorship."

---

[1] Dora Fogel, Mollie Fogel's sister and originally a plaintiff in this case, died during the course of the trial.

Thereafter, the plaintiffs continued living in the building, made the mortgage payments, and paid the taxes and most of the maintenance bills. The plaintiffs rented one of the apartments to the defendants for a year and a half at a reduced price.

Approximately a year before trial, the plaintiffs learned that they needed the defendants' signatures to sell the property. Upon the defendants' alleged refusal, the plaintiffs filed a complaint alleging, *inter alia*, that the defendants had been given powers of direction only to protect their interest in having assumed liability on the mortgage, that the defendants had agreed to exercise their powers of direction if the plaintiffs decided to sell the property, and that the beneficial ownership clause was not intended to limit their interest to a life estate. The defendants' answer denied these allegations.

Five witnesses testified at the bench trial: Dora Fogel; Russell Miller, the plaintiffs' attorney who drafted the land trust agreement; Jerrold M. Facktor, the defendants' attorney; and the defendants. Based on these witnesses' testimony, the trial court entered a partial judgment order finding that the trust agreement was not executed with the intent to limit the plaintiffs' interests to a life estate, and that the defendants had been given powers of direction for collateral purposes only to protect them from the plaintiffs' unilateral sale of the property without their knowledge or any assurance that the proceeds of the sale would be applied to the mortgage. In the final judgment, the trial court ordered (1) the defendants to exercise their powers of direction; (2) the plaintiffs to sell the property on the conditions that the sale price exceed the mortgage and the proceeds be first applied to the mortgage; (3) the parties to execute an agreement and mutual releases whereby the plaintiffs would hold the defendants harmless from liability on the mortgage and each would waive all rights and claims against the other in the property; and (4) the parties to establish an escrow for the sale of the property. It is from these orders that the defendants appeal.

I.

The plaintiff first contends that this appeal should be dismissed due to the defendants' failure to comply with the following provisions of Supreme Court Rule 342(e) (Ill. Rev. Stat. 1977, ch. 110A, par. 342(e)):

> "*Abstract.* The appellant may elect to file an abstract of the record on appeal in lieu of the excerpts from record, in which event * * * the following provisions shall be applicable * * *:
>
> * * *
>
> (3) If the record contains the evidence it shall be condensed in narrative form *so as to present clearly and concisely its substance.* * * *

(4) Matters in the record on appeal not necessary for a full understanding of the question presented for decision shall not be abstracted, but *the judgment or order appealed from and the notice of appeal shall always be included."* (Emphasis added.)

We agree.

### A.

The defendants' abstract of the record on appeal contains the following at page 1: "C 7—9 Judgment entered October 25, 1977; Notice of Appeal, filed November 23, 1977."

■█ In *Shaw v. Kronst* (5th Dist. 1973), 9 Ill. App. 3d 807, 809, 293 N.E.2d 153, this court stated that the appellant's failure to abstract the judgment order from which the appeal was taken alone was sufficient to warrant dismissal of the appeal. (See also *In re Application of County Collector* (3d Dist. 1975), 26 Ill. App. 3d 234, 240, 325 N.E.2d 15; *Husted v. Thompson-Hayward Chemical Co.* (2d Dist. 1965), 62 Ill. App. 2d 287, 296-97, 210 N.E.2d 614.) A similar result obtained in *Gregory v. Williams* (1st Dist. 1973), 14 Ill. App. 3d 905, 303 N.E.2d 621 for the appellant's failure to include the notice of appeal in the abstract. Although we recognize that this court has more recently condoned the foregoing method of merely indexing to the record the notice of appeal (*Panos v. McMahon* (1st Dist. 1974), 23 Ill. App. 3d 776, 780, 320 N.E.2d 185), we are of the opinion that this latter decision is distinguishable and that indexing does not constitute abstracting (see *Allison & Allison v. Allison* (4th Dist. 1889), 34 Ill. App. 385, 386; *Gilbert v. Coons* (1st Dist. 1890), 37 Ill. App. 448, 449).

In *Panos,* the court noted that there was no allegation made as to the improper preparation or presentation of the briefs, the record, or the remainder of the abstract, and found that there was no general confusion as to the specific order appealed from. Under these circumstances, this court concluded that the defendant had not been prejudiced by the appellant's failure to set forth verbatim the contents of the notice of appeal, and therefore, held that the *Shaw* and *Gregory* rules should not control. In doing so, the court noted that the *Shaw* court had found a multitude of omissions in the abstract, the record, and the briefs, and that the *Gregory* court had dismissed the appeal on the additional ground of the absence of a report of proceedings.

Here, the defendants have merely indexed to the record not only the notice of appeal but also the judgment order appealed from. Although, as in *Panos,* there is no confusion as to what order is being appealed from, the equitable nature of the trial court's order could only be determined by our reference to the numerous directions to and conditions imposed on

the parties in the judgment order. Due to the nature of this order, we find the defendants' mere reference to it insufficient. Moreover, as discussed more fully later, the plaintiff has made several other meritorious objections to the defendants' preparation and presentation of their brief and the remainder of the abstract. Therefore, we are of the opinion that the *Shaw* and *Gregory* rules are applicable and are sufficient support for the dismissal of this appeal.

### B.

Upon our review of the testimony abstracted by the defendants we note that they omitted much of the testimony that was unfavorable to their position.

First, the defendants' abstract omits all of the plaintiff's testimony. Because a decision on the merits would have required a determination of whether the trial court properly gleaned the parties' intent in entering into the agreement and in granting the powers of direction, we find this omission indefensible. Moreover, we find this omission particularly misleading as the defendants abstracted a portion of their attorney's testimony in which he stated that "there was no conversation under which there was any agreement that Archie and Edith would ever sign the power of direction," but failed to abstract the plaintiff's testimony suggesting that such an agreement had been made at the time the parties signed the agreement.

Secondly, the abstracted testimony of Russell Miller, the plaintiffs' attorney and witness, also omits material testimony. In the abstract, Mr. Miller merely testified to the fact that he had prepared the trust agreement, that it had been signed by all of the parties, and that it required the power of direction of all four to do anything with the property. The defendants' abstract omits, amongst other testimony, the fact that Mr. Miller also testified that the purpose of having the defendants' names on the agreement was "to act as security for their execution of a mortgage and the undertaking of the liability to the [S]avings and [L]oan [A]ssociation * * * so that there wouldn't be a sale or any transfer of the property, where they would still be liable on the mortgage, without their consent."

The abstract or the excerpts constitute the pleading of the appellant in a court of review, and they must contain everything necessary to decide the issues raised on appeal. (*Shaw,* at 811.) It is not the duty of the successful litigant to correct deficiencies in the appellant's abstract (*Hazdra Homes, Inc. v. Ondrak* (1st Dist. 1973), 14 Ill. App. 3d 933, 934, 303 N.E.2d 799), nor is it the duty of this court to go through the record to reverse the trial court (*Husted,* at 296). Rather, a duty rests on the party

prosecuting the appeal to correctly and fairly provide this court with the actual substance of all of the material testimony. *Hazdra Homes, Inc.* ▬ Moreover, in a system of multiple judge panels, it is not possible to rely on the judges' access to the record to familiarize themselves with the issues on appeal. (*Shaw,* at 812.) Therefore, without complete and accurate excerpts or abstracts, appellate review does not work effectively. For these reasons we find the deficiencies in the defendants' abstract alone constitute such a total disregard for the rules established to facilitate our review to warrant dismissal.

## II.

However, the plaintiff also contends that this appeal should be dismissed for the defendants' failure to include in their brief a statement of the issues presented for review and to present a proper statement of the facts. Supreme Court Rule 341(e) (Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)) provides in relevant part as follows:

> "*Appellant's Brief.* The appellant's brief shall contain the following parts in the order named:
>
> > (1) An introductory paragraph stating (i) the nature of the action * * *
> >
> > (2) *A statement of the issue or issues presented for review,* * * *
> >
> > * * *
> >
> > (5) A summary statement, entitled 'Points and Authorities,' * * *
> >
> > (6) *Statement of Facts, which shall contain the facts necessary to an understanding of the case,* * * *."

(Emphasis added.)

The defendants' brief contains the following paragraph headings on page 1: I. NATURE OF THE CASE; II. POINTS AND AUTHORITIES. A heading entitled STATEMENT OF THE ISSUE(S) is conspicuously absent. It is not until the conclusion of their brief that the defendants state that the trial court's holding was "manifestly against the weight of the evidence." We gather from the defendants' brief that they contend that the land trust agreement and the evidence adduced at trial establish that the plaintiffs intended to make a present grant of a future estate to them unsupported by an intermediate estate. Therefore, the cases cited in the defendants' brief concern the elements of donative intent and delivery necessary to support such a grant.

The issue before the trial court was not whether a gift of the subject property was intended for it is clear that the plaintiffs retained a beneficial interest. Rather, the issue was whether the parties agreed that the defendants' powers of direction were given solely as security and

therefore would be exercised at the plaintiffs' request, and, if not, under what circumstances the defendants' powers of direction could be revoked by the plaintiffs. The defendants' brief cites us no cases dealing with these issues.

Moreover, the defendants' statement of the facts refers us only to the abstract of the record which we have previously noted omits much of the unfavorable material testimony. Although reference to the abstract in the statement of facts is permissible (Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(6)), under these circumstances, we find that the defendants' statement of the facts also fails to contain the facts necessary to an understanding of the issues raised.

It is not the duty of this court to search the record to determine what the real issues are, nor to seek material for the disposition of such issues. (*47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1st Dist. 1977), 56 Ill. App. 229, 232, 371 N.E.2d 294.) As stated by this court in *In re Estate of Kunz* (5th Dist. 1972), 7 Ill. App. 3d 760, 763, 288 N.E.2d 520:

> "Reviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research as it were, upon the court."

Finally, we note that the defendants failed to submit a reply brief and waived oral argument before this court. While these omissions are certainly not fatal to their appeal standing alone, these omissions in this instance left uncontested the plaintiff's argument that this appeal should be dismissed.

Due to the foregoing cumulative violations of Supreme Court Rules 341 and 342, we are of the opinion that this appeal must be dismissed.

Appeal dismissed.

STAMOS, P. J., and BROWN[2], J., concur.

---

[2] Justice Brown participated in this decision while assigned to the Illinois Appellate Court, First District.