WILLIAM F. BALLARD *et al.*, Plaintiffs-Appellees and Cross-Appellants, *v.* ROBERT E. BIRD, SR., *et al.*, Defendants-Appellants and Cross-Appellees.

Third District   No. 78-474

Opinion filed February 7, 1980.—Rehearing denied June 18, 1980.

158

Watts C. Johnson, of Johnson, Martin & Russell, P. C., and Donald R. Bird, both of Princeton, for appellants.

Mathew A. Maloney, of Pierson and Maloney, of Princeton, for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs William Ballard and Marilyn Ballard initiated this action by filing a three-count complaint in the circuit court of Bureau County alleging fraudulent representations on the part of defendants Robert Bird, Jr., and Aleta Bird, as sellers of a parcel of real estate, and defendants Robert Bird, Sr., and Margaret Stanfield, as broker and salesperson of the parcel. After a jury trial, verdicts awarding compensatory and exemplary damages were rendered against all defendants. Judgment notwithstanding the verdict was granted as to the exemplary damages against the sellers. Defendants appeal their adverse judgments, and plaintiffs cross-appeal the judgment notwithstanding the verdict.

Giving rise to this action is a fairly complex set of factual circumstances, many facets of which were controverted at trial. Early in 1972, defendants Robert Bird, Jr., and Aleta Bird purchased the subject parcel of this cause, the "Log Cabin" premises, in contemplation of relocation from St. Louis to Princeton. Shortly thereafter, the Birds offered the property for sale through the offices of Bird Real Estate, which is owned and operated by Robert Bird, Jr.'s father, defendant Robert Bird, Sr., and which employs his sister, defendant Margaret Stanfield. On or about May 1, 1972, plaintiffs came to Bird Real Estate and explained to defendant Stanfield that they sought a home in the country where Mr. Ballard could operate a "speed shop" and sell high performance and

racing automobile accessories. As a consequence, a sale of the "Log Cabin" premises took place and the buyers went into possession.

The major thrust of the complaint and the issues arising from the evidence involve a controversy about whether or not the defendants misrepresented both the right of the buyers to use a well on adjacent property and whether the premises were zoned for the use intended by the buyers. The jury resolved these issues in favor of the plaintiffs and entered judgment for compensatory damages of $4,000 against each of the defendants and also exemplary damages. Pursuant to the defendants' motion the trial court set aside the motion for exemplary damages against Robert Bird, Jr., and Aleta Bird, but declined any other post-trial relief requested by defendants.

On this appeal the defendants have made several assignments of error but the threshold issue regarding the appellants' failure to follow the rules must first be considered. On appeal, defendants-appellants failed to timely file an abstract of or designation of excerpts from the record as required by Supreme Court Rule 342 (Ill. Rev. Stat. 1977, ch. 110A, par. 342). Appellants filed their brief on July 23, 1979, without filing an abstract of or designation of excerpts from the record. On September 5, 1979, plaintiffs-appellees filed their response brief which also contained their cross-appeal. Appellants filed no reply brief except that on September 24, 1979, they filed a motion to file abstract instanter, which appellees objected to. We took the motion under advisement with the case.

We believe the appellants' motion should be denied. Appellants failed to follow the rules of appellate procedure and plead no excuse other than the crush of other cases. Appellees relied on this failure and pled waiver on several issues, failing to address these issues on the merits. In their brief, they moved that appellants' appeal be dismissed for failure to file an abstract of or designation of excerpt from the record. In the absence of a legal reason for the delay, we see no reason to prejudice appellees by permitting appellant to file at this late date.

■■ Thus, appellants have failed to file an abstract of, designation of excerpts or excerpts from the record as required. The abstract or excerpts have been considered in legal effect to be the appellants' pleadings. (*King v. City of Chicago* (1978), 60 Ill. App. 3d 504, 377 N.E.2d 102.) The unexcused failure to file either abstract of, designations of excerpts, or excerpts from the record warrants dismissal. (*Denenberg v. Prudence Mutual Casualty Co.* (1970), 120 Ill. App. 2d 68, 256 N.E.2d 71.) The failure to file an abstract or excerpts is a serious omission, and the appeal is dismissed.

■■ On cross-appeal, plaintiffs contend that the trial court erred in allowing defendants' motion for judgment notwithstanding the verdict

with respect to the award of exemplary damages against defendant sellers Robert Bird, Jr., and Aleta Bird. Defendants failed to file any brief at all in response to the cross-appeal. While we have dismissed defendants' appeal for failing to file an abstract, designation of excerpts or excerpts of record, this is different from reversing the judgment of the trial court *pro forma* as to the cross-appeal for exemplary damages. (See *First Capital Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) The judgment of a trial court should not be reversed *pro forma* for the appellee's failure to file its brief as required by the rule. A considered judgment of the trial court should not be set aside without some consideration of the merits of the appeal. *First Capital Mortgage Corp. v. Talandis Construction Corp.*

On cross-appeal, plaintiffs contend that the trial court erred in allowing defendants' motion for judgment notwithstanding the verdict with respect to the award of exemplary damages against defendant sellers Robert Bird, Jr., and Aleta Bird. As the trial court offered no rationale for this decision in its order of September 20, 1978, we shall presume the court found all of the evidence, viewed in its aspect most favorable to plaintiffs, so overwhelmingly favored the above defendants on this issue that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) Plaintiffs raise no question as to the exemplary damage instruction submitted to the jury but contend the appropriate standard is set forth in *Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 36, 330 N.E.2d 509, 512, where the court stated:

" * * * With respect to this problem, section 217C of the Restatement (Second) of Agency states:

'Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if:

* * *

(c) the agent was employed in a managerial capacity and was acting in the scope of employment, or

(d) the principal or a managerial agent of the principal ratified or approved the act.' "

The difficulty with plaintiffs' assertion is that the Restatement provisions set out two guidelines. Some courts take the position a principal is liable for exemplary damages only if he has authorized or ratified the act of his agent while others take the view he is so liable regardless of such authorization or ratification. (See 22 Am. Jur. 2d *Damages* §257 (1965); Annot., 89 A.L.R. 356 (1934).) Plaintiffs have cited no Illinois decision adopting either view and our research has revealed none. While the difference of opinion expressed in the two views is reflected in decisions

dealing with corporate liability for exemplary damages (see 22 Am. Jur. 2d *Damages* §261 (1965)), we do not find the apparent adoption of the second view in this corporate setting (see *State Bank v. Potosi Tie & Lumber Co.* (1939), 299 Ill. App. 524, 20 N.E.2d 893, 895) dispositive in the case at bar. In the corporate setting, no reasonable distinction can be made between the guilt of the employee and the guilt of the corporation. In the case at bar, there was no evidence that the principals participated in or were aware of any of the alleged fraudulent acts. Therefore any reckless and malicious conduct giving rise to exemplary damages would necessarily be neither authorized nor ratified.

■ Exemplary damages are awarded primarily to punish the offender and discourage similar offenses, and these punitive and admonitary justifications are sharply diminished where liability is imposed vicariously. (See *Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 36, 330 N.E.2d 509, 512.) We therefore find no error in the granting of the motion for judgment notwithstanding the verdict with respect to those defendants not participating in the alleged representations.

For the foregoing reasons the appeal of defendants is dismissed. With respect to the cross-appeal by the plaintiffs the judgment of the Circuit Court of Bureau County setting aside the judgment against Robert Bird, Jr., and Aleta, his wife, is affirmed.

Appeal dismissed; judgment on cross-appeal affirmed.

ALLOY and BARRY, JJ., concur.