RICHARD RIOS, Plaintiff, *v.* LAURA WILLOUGHBY FIELD *et al.*, Defendants— (FRANCES WILLOUGHBY, Third-Party Plaintiff-Appellant, *v.* HELEN DEL RIO *et al.*, Third-Party Defendants-Appellees.)

(No. 53972;

First District—March 8, 1971.

Clausen, Hirsch, Miller & Gorman, of Chicago, (James T. Ferrini, of counsel,) for appellant.

Garretson & Santora, of Chicago, (Melvin A. Garretson and Dom J. Rizzi, of counsel,) for appellees.

Mr. JUSTICE LYONS delivered the opinion of the court:

Richard Rios was injured when the balustrade of a stairway which he was descending collapsed, causing him to fall. He brought an action in the Circuit Court of Cook County against the owners of the building, Laura Willoughby Field and Frances Willoughby. Frances Willoughby, in turn, filed a third party action against Helen and George Del Rio, lessees of the grade level store in the building and employers of Rios. The third party complaint alleged an indemnity agreement and failure of the third party defendants to tender a defense in the original action. The original action was dismissed by stipulation of the parties following a settlement of Rios' claim for $22,000.00, the order of dismissal specifically providing that the third party action was not to be prejudiced by such dismissal. The third party action, submitted to the court sitting without a jury, on the pleadings, exhibits, and a stipulation of facts resulted in a judgment for third party defendants from which third party plaintiff, Willoughby, has appealed.

The building in question, owned by Willoughby, consisted of a grade

level store and second floor. Third party defendants leased the grade level store for the purpose of conducting a restaurant and tavern business. Although the lease conveyed only the grade level store, third party defendants were in the habit of storing certain cleaning materials on the second floor landing and also on the second floor. Rios, their employee, was descending an outside wooden stairway with such cleaning materials when the balustrade collapsed, causing him to sustain serious injuries.

In support of her claim for indemnity Willoughby has relied upon Articles twenty-three and twenty-four of the lease agreement which provide:

"TWENTY THIRD: Lessee will further carry Liability insurance, other than the aforesaid Dram Shop insurance in the sum of $10,000.00, at lessee's expense and will provide that said Liability insurance will insure both the Lessee and the Lessor, against claims resulting from the use of the premises as Restaurant and Tavern.

TWENTY FOURTH: It is further covenanted and agreed that Lessee shall save harmless and indemnify Lessor against all lawsuits, demands, claims and judgments, liens, costs, and expenses resulting from lessee's transactions of business on the premises as Restaurant and Tavern."

She argues first that Article twenty-four requires the lessees to indemnify her even for injuries caused by her own negligence where such injury "results" from lessees' transaction of business on the premises and that Rios' use of the stairway in the course of his employment, (lessees having stored cleaning materials on the second floor) was incidental to their transaction of business on the premises.

Willoughby also contends that the third party defendants stand in the relationship of liability insurers with respect to her by reason of their having breached the agreement contained in Article twenty-three. She argues that their failure to have her included as a named insured on the OLT policy which they procured, as required by Article twenty-three, makes them liable to her for any loss occasioned by that breach.

With respect to Article twenty-four, lessees contend first that the language employed is not sufficient to impose upon them the duty to indemnify the lessor for her own negligence, and second that the indemnity agreement contained therein does not cover the injury sustained by Rios, since the injury neither occurred on the premises leased, nor did it result from their conduct of business on the premises.

Lessees also contend that there has been no breach of Article twenty-three, as the liability policy which they procured meets the requirements of that Article.

■■ An agreement to indemnify may include indemnification for in-

juries or loss caused by the indemnitee's own negligence in the absence of specific language to that effect, where the language employed clearly indicates such to have been the intent of the parties. Thus, in *Russell v. Shell Oil Company* (1949), 339 Ill.App. 168, 89 N.E.2d 415, it was held that the words " * * * shall hold harmless from any and all claims * * * " was sufficient to include indemnity for injuries caused by the indemnitee's own negligence. The same result was reached in *Haynes v. Montgomery Ward & Co.* (1964), 47 Ill.App.2d 340, 198 N.E.2d 548; *Newberg Const. Co. v. Fischbach, Etc., Inc.* (1964), 46 Ill.App.2d 238, 196 N.E.2d 513; and *Deel v. U.S. Steel Corp.* (1969), 105 Ill.App.2d 170, 245 N.E.2d 109. In each of these cases, as in *Russell* and the instant case, the sole descriptive reference to the cause of the injury, claim or loss indemnified against was "any and all." We are therefore compelled to hold that the use of that phrase in Article twenty-four of the lease agreement renders that Article sufficiently broad to include indemnification for claims or injuries caused by indemnitee's own negligence, the only limitation being that the injury must also result from the lessees' transaction of business on the premises leased.

■■ Our holding that Article twenty-four provides indemnification for injuries caused by lessor's own negligence dictates that we reject lessees' additional arguments addressed to causation. In our view the phrase " * * * resulting from lessee's transactions of business on the premises * * * " merely requires that it be the lessees' use of the premises which provides the occasion for, as opposed to the cause of, the injury.

There can be no doubt that Rios' employment was incidental to lessees' transactions of business on the premises. Further, lessees' storage of cleaning materials on the second floor necessitated his use of the stairway during the course of his employment. Under these circumstances it must be concluded that the injuries which he sustained while using the stairway " * * * result(ed) from lessee's transactions of business on the premises * * * ."

■■ We therefore hold that the Circuit Court erred in failing to find the indemnity agreement contained in Article twenty-four of the lease applicable to Willoughby's liability to Rios. Accordingly, the judgment of the Circuit Court is reversed and the cause is remanded with directions to enter judgment in favor of Willoughby and against Helen and George Del Rio in the amount of $22,000.00.

In view of our holding, it is not necessary to discuss the issues raised with respect to Article twenty-three of the lease.

Judgment reversed and cause remanded with directions.

BURKE, P. J., and GOLDBERG, J., concur.