**Sheldon KRUPNICK and Doreen Krupnick, his wife and Ronald Faherty, Plaintiffs,**

v.

**UNION NATIONAL BANK, Harry Schreiber, Bette Schreiber, Samuel Schreiber and Miriam Schreiber, Defendants.**

**Civ. A. No. 79–44.**

United States District Court, W. D. Pennsylvania.

May 1, 1979.

Charles F. Scarlata, John A. Tumolo, Pittsburgh, Pa., for plaintiffs.

Stephen A. George, Judd N. Poffinberger, Jr., Gerald S. Lesher, Pittsburgh, Pa., for defendants.

## OPINION

MARSH, District Judge.

Plaintiffs have filed this action alleging that defendant Harry Schreiber initiated a scheme joined by the other defendants which led to the insolvency of a group of business entities referred to as the Schreiber Enterprise. Plaintiffs allege that as a result of this scheme and the subsequent insolvency, they were unable to collect certain debts and they were deprived of certain compensation and equitable interests to which they were entitled.

It is asserted in the complaint (paragraph 8) that:

"This Court has jurisdiction pursuant to the provisions of Title 28 United States Code § 1331(a); Title 28 United States Code § 1332; 18 United States Code § 4, 18 United States Code §§ 1341 and 1343, 12 Code of Federal Regulations 21.5, and in accordance with the principles of pendent jurisdiction."

Defendants have moved to dismiss for lack of subject matter jurisdiction. The motions to dismiss will be granted.

### Diversity of Citizenship

■ Plaintiffs' assertion that this court has jurisdiction pursuant to 28 U.S.C. § 1332 is betrayed by allegations in the complaint (paragraphs 2–5) that plaintiff Ronald Faherty and defendants Union National Bank, Harry Schreiber, and Bette Schreiber are citizens of Pennsylvania. Section 1332(a) requires complete diversity of citizenship, i. e., "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978).

At the time of filing, this suit was designated by plaintiffs' counsel as a contract action based on diversity of citizenship. (See JS–44 civil cover sheet). In their brief

and at oral argument, however, plaintiffs did not pursue their assertion that there is jurisdiction under § 1332. Rather, they argued that the complaint states an independent cause of action for fraud, with § 1331(a) as a jurisdictional base.

### Federal Question

Section 1331(a) of Title 28, U.S.C., provides jurisdiction only where the matter in controversy "arises under the Constitution, laws, or treaties of the United States." To confer jurisdiction under this section, plaintiffs "must assert a claim founded directly upon federal law." *PAAC v. Rizzo*, 502 F.2d 306, 312 (3rd Cir. 1974).

Plaintiffs have asserted (paragraph 14) that a check-kiting scheme devised by defendant Harry Schreiber made use of the United States mails and interstate telephone facilities in violation of 18 U.S.C. § 1341 and § 1343. They further assert (paragraph 15) that the defendant Union National Bank discovered the existence of this scheme which had resulted in a substantial loss to the bank, but that the bank failed to report this loss to the appropriate authorities in violation of 18 U.S.C. § 4 and 21 C.F.R. § 21.5.

■ The three federal criminal statutes cited by plaintiffs do not operate to create a federal cause of action for damages. Section 1341 punishes use of the mails for the purpose of exercising a scheme to defraud. It has been held that Section 1341 is purely penal and that a violation of that statute as such does not afford a court federal question jurisdiction in a civil case. *Oppenheim v. Sterling*, 368 F.2d 516, 518–519 (10th Cir. 1966). See also, *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977). Similarly, there is no indication that Congress intended the wire fraud statute (18 U.S.C. § 1343) to grant additional federal question jurisdiction in civil cases. See *Napper v. Anderson, Henley, Schields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974), *cert. denied*, 423 U.S. 837, 96 S.Ct. 65, 46 L.Ed.2d 56 (1975). Section 4 of the criminal code pun-

ishes misprision of a felony. This section has been held not to be a regulatory statute enacted for the benefit of a particular class, and thus an alleged violation of Section 4 affords plaintiffs no civil remedy. See *Van Daele v. Vinci*, 294 F.Supp. 71, 73–74 (N.D. Ill.1968).

Plaintiffs have relied also on 12 C.F.R. § 21.5,[1] arguing that an interpretation of that federal banking regulation is essential to a determination of whether there was deceit by the defendant bank. As support, plaintiffs cite the finding of federal jurisdiction in *Girardier v. Webster College*, 563 F.2d 1267, 1270 (8th Cir. 1977), where suit was brought on the theory that Girardier had acquired rights from the federal Bankruptcy Act and that these rights had been violated by the college. In the instant case, however, plaintiffs have not acquired any rights from the banking regulation, and an interpretation of that regulation is not material to plaintiffs' claim.

Applying the factors described in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), it appears that no private remedy is implicit in 12 C.F.R. § 21.5. The regulation was promulgated pursuant to the Bank Protection Act of 1968, 12 U.S.C. §§ 1881–1884, which was "aimed at reducing the rising number of robberies which have plagued banks and savings and loan associations." S.Rep.No. 1263, 90th Cong., 2d Sess., *reprinted in* [1968] U.S.Code Cong. & Admin.News, p. 2530. The legislation dealt only with the physical security at banking offices, and it is axiomatic that regulations issued under such an act can have no wider application than the scope of the Act authorizing their promulgation.

*Garrett v. E. I. Du Pont De Nemours & Co.*, 257 F.2d 687, 690 (3rd Cir. 1958). The regulation was not designed for the protection of these plaintiffs who claim that, as creditors, shareholders and employees of a business entity, they have been injured because the bank's alleged role in concealing a fraudulent check-kiting scheme permitted the resources of the business entity to be depleted. Although the act provides that a bank which violates a bank protection regulation shall be subject to a civil penalty not exceeding $100 for each day of the violation, 12 U.S.C. § 1884, there is no indication of a legislative intent to create a private federal civil remedy. Finally, a cause of action for deceit is one traditionally relegated to state law.[2]

The court concludes that neither 12 C.F.R. § 21.5 nor any of the three federal criminal statutes implies a private federal remedy to recover damages. Thus, plaintiffs' claim cannot be said to arise under the laws of the United States and this court lacks jurisdiction under 28 U.S.C. § 1331(a).

### Pendent Jurisdiction

It appearing that there is no federal claim to confer subject matter jurisdiction on this court, the doctrine of pendent jurisdiction is inapplicable in this case. See *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, the defendants' motions to dismiss will be granted. An appropriate order will be entered.

---

1. In pertinent part, 12 C.F.R. § 21.5 provides: "(d) *External crime reports.* Each time a robbery, burglary, or nonbank employee larceny is perpetrated or attempted at a banking office operated by a bank, the bank shall, within a reasonable time, file a report . . with the Regional Administrator of National Banks . . . ."

2. As summarized by the Supreme Court of Pennsylvania, a cause of action for deceit must be founded upon five elements:

"(1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance upon the misrepresentation and (5) damage to the recipient as the proximate result." *Neuman v. Corn Exch. Nat'l Bank*, 356 Pa. 442, 51 A.2d 759, 763 (1947).