Joyce DOMKE, Personal representative of the Estate of William Simons, Deceased, and William Simons II and Laura Simons, by Robert P. Rudolph, their Guardian ad Litem, Plaintiffs,

v.

The SIEMPELKAMP COMPANY, Colonia Insurance Company, Nercon Engineering & Manufacturing, and Employers Insurance of Wausau, Defendants.

No. 83–C–945.

United States District Court, E.D. Wisconsin.

Dec. 19, 1984.

George W. Curtis, Curtis-Wilde Law Office, Oshkosh, Wis., for plaintiffs.

Patrick B. Howell, Frisch, Dudek & Slattery, Milwaukee, Wis., for Siempelkamp Corp. and Colonia Ins. Co.

Daniel R. Riordan, Riordan, Crivello, Carlson, Mentkowski & Henderson, Milwaukee, Wis., for Nercon Engineering and Employers Ins. of Wausau.

Ned J. Czajkowski, Kluwin, Dunphy & Hankin, Milwaukee, Wis., for Lauderdale

Machine Shop and U.S. Fidelity and Guaranty Co.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court in this matter is the motion of defendant Nercon Engineering and Manufacturing ("Nercon") to remand this case, pursuant to 28 U.S.C. § 1447(c), to the state circuit court from which it was removed. The Court has determined, for the reasons stated below, that the procedural and substantive developments in this action to date do not justify remand and that the present motion must therefore be denied.

## BACKGROUND

This action was initiated on July 1, 1983, when the plaintiffs filed their complaint in the Wisconsin Circuit Court for Winnebago County, seeking damages for the death of one William Simons. Named as principal defendants in the action were The Siempelkamp Company ("Siempelkamp") and Lauderdale Hamilton Company ("Lauderdale"), two parties allegedly responsible for the improper design and defective manufacture of certain press machinery which the deceased was operating during the course of his employment when he was killed.

On July 28, 1983, the action was removed from state court upon the petition of defendant Siempelkamp, filed pursuant to 28 U.S.C. §§ 1441(a) & 1446(a). Significantly, Siempelkamp noted in its removal petition that 28 U.S.C. § 1332(a) confers original jurisdiction upon this Court over the subject matter and parties to this action, since the amount in controversy exceeds the sum of $10,000.00 and all plaintiffs are diverse from all defendants. With respect to this second consideration, defendant Siempelkamp observed that while the plaintiffs are all residents of the State of Wisconsin, Siempelkamp itself is incorporated in the State of Tennessee with its principal place of business in the State of Georgia, and defendant Lauderdale is both incorporated and maintains its principal place of busi-

ness in the State of Mississippi. Finally, Siempelkamp stated that its insurance company, designated as an unknown party in the original complaint, is a foreign corporation, authorized and operating pursuant to the laws of the Federal Republic of Germany, and that the insurer for defendant Lauderdale, likewise designated in the complaint as an unknown party, is incorporated and maintains its principal place of business in the State of Maryland.

Apparently, on July 27, 1983, one day before this action was removed to federal court, the plaintiffs filed an amended summons and complaint in the Wisconsin Circuit Court for Winnebago County, incorporating those principal allegations and prayers for relief stated in the original complaint. On August 11, 1983, defendant Siempelkamp, having previously interposed an answer to the original complaint, filed its answer to the supplemental petition, denying all material allegations against it, raising five affirmative defenses, and stating a cross-claim for contribution against co-defendant Lauderdale. On August 24, 1983, Colonia Insurance Company ("Colonia"), the previously unidentified insurer of defendant Siempelkamp, likewise filed its answer to the amended complaint, incorporating by reference all admissions, affirmative allegations, denials, and qualifications set forth in the answer interposed by Siempelkamp on August 11, 1983.

On October 25, 1983, defendants Lauderdale and its previously unidentified insurer, United States Fidelity and Guaranty Company, filed its answer to the amended complaint, similarly denying all principal claims against it, stating some five affirmative defenses, and raising a cross-claim for contribution from defendants Siempelkamp and Colonia. Eight days later, on November 3, 1983, Siempelkamp and Colonia answered the cross-claim interposed by Lauderdale and Fidelity and re-articulated their own cross-claim for contribution from these two co-defendants. Lauderdale and Fidelity answered the cross-claim against them on November 10, 1983.

On March 15, 1984, the Court conducted an initial status conference in this case, during which it established various deadlines for the designation of witnesses and the completion of discovery. Significantly, it was at that hearing that the Court granted the plaintiffs leave to join the present defendant and movant, Nercon Engineering and Manufacturing ("Nercon"), as a party to this action. *See* Court's *Letter* at 1 (March 15, 1984). Upon the stipulation of all parties, the Court, on March 26, 1984, dismissed without prejudice and without costs all claims and cross-claims made against defendants Lauderdale and Fidelity.

On April 10, 1984, the plaintiffs filed a second amended complaint, incorporating the dismissal of defendants Lauderdale and Fidelity and stating, for the first time, their claims against defendants Nercon and its insurer, Employers Insurance of Wausau ("Employers"). On May 1, 1984, defendants Siempelkamp and Colonia answered the second amended complaint, this time incorporating a cross-claim for contribution or indemnity against defendants Nercon and Employers. Eight days later, on May 9, 1984, Nercon and Employers likewise answered the second amended complaint and cross-claimed against defendants Siempelkamp and Colonia for contribution or indemnity. Finally, on May 17, 1984, defendants Siempelkamp and Colonia answered the recent cross-claim of defendants Nercon and Employers.

The present motion, seeking an order remanding this action, to the state court pursuant to 28 U.S.C. § 1447(c), was interposed by Nercon on July 16, 1984. In support of its request, the movant notes that the original petition for removal of this case, filed by defendant Siempelkamp on July 28, 1983, was premised principally on the existence of complete diversity between the plaintiffs, all Wisconsin residents, and the defendants, all residents of foreign jurisdictions. It is the movant's principal contention that since it, like all plaintiffs, is a resident of the State of Wisconsin, its joinder in this action as a party defendant effectively destroys the complete diversity required under 28 U.S.C. § 1332(a). Arguing that 28 U.S.C. § 1447(c) does not preclude this Court from examining any post-removal developments to determine whether its jurisdiction has been compromised, movant Nercon seeks remand of this action back to the Wisconsin Circuit Court for Winnebago County, based on the lack of federal subject matter jurisdiction.

In its answering brief of July 27, 1984, defendants Siempelkamp and Colonia recite briefly the procedural developments of this action to date and argue, among other things, that post-removal developments in the prosecution and defense of this action fail to establish a reasonable basis upon which remand might be justified. While acknowledging that some federal courts have, on occasion, reviewed post-removal circumstances in deciding the propriety of remand, these defendants also contend that, once obtained, the jurisdiction of the federal courts over properly-removed actions such as this should not be defeated.

More specifically, defendants Siempelkamp and Colonia maintain that the peculiar procedural posturing of the parties to date and their reasonable expectations for the prosecution and defense of the several claims in this case justify the Court's retention of jurisdiction, as follows:

The Court, presumably on the basis of F.R.C.P. 15, permitted the plaintiff to amend its pleading to add Nercon without questioning the "citizenship" of Nercon. The Court did not permit this amendment so as to defeat federal court jurisdiction, rather, once jurisdiction was obtained, the Court merely allowed the plaintiff to add a necessary, although not indispensable, party; ...

Since the plaintiffs alleged that Siempelkamp and Nercon are joint tort-feasors, with joint and several liability, Nercon is not an indispensable party to this litigation. Plaintiffs could obtain complete relief against Siempelkamp only. Moreover, the plaintiffs merely added as an additional defendant a party that

Siempelkamp was prepared to name as a third-party defendant pursuant to F.R. C.P. 14. Parties impleaded under Rule 14 fall under the ancillary jurisdiction of the court and do not affect the Court's original determination of whether diversity is present [citations omitted]. Had plaintiffs not identified Nercon as a defendant, Siempelkamp would have instituted a third-party complaint and, as long as the plaintiffs maintain their claim against Siempelkamp, this Court would have obtained jurisdiction [citations omitted]. Principals of judicial economy mandate that the mere alignment of the parties not dictate whether the Court has subject matter jurisdiction of this action....

Defendants' *Brief in Opposition to Motion to Remand* at 5–6 (July 27, 1984). This central claim that the present alignment of the parties is irrelevant for jurisdictional purposes, coupled with the threshold argument that this case was not improvidently removed under 28 U.S.C. § 1447(c), warrant denial of defendant Nercon's motion to remand, or so defendants Siempelkamp and Colonia conclude.

### 28 U.S.C. §§ 1332(a), 1441(a), & 1447(c) AND DEFENDANT NERCON'S MOTION TO REMAND

As the parties recognize in their opposing briefs, this action was removed to federal court pursuant to 28 U.S.C. § 1441(a), which provides for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...." In a case such as this, the Court's original jurisdiction is established by 28 U.S.C. § 1332(a)(3), since the matter in controversy exceeds the sum of $10,000.00, and is between "citizens of different States and in which [a] citizen[ ] ... of a foreign state [is] an additional part[y]."

■ It is well established that the diversity of parties, as prescribed by 28 U.S.C. § 1332(a), must be complete—that is, that all indispensable parties with claims on one side of the controversy must be citizens of

different states from all indispensable parties with claims on the other. *See Krupnick v. Union National Bank,* 470 F.Supp. 1037, 1038 (W.D.Pa.1979); *Schetter v. Heim,* 300 F.Supp. 1070, 1072 (E.D.Wis. 1969). Indeed, if the citizenship of any plaintiff is identical to that of any defendant in an action premised on the jurisdictional prescription of 28 U.S.C. § 1332(a), diversity is completely destroyed. *See Owen Equipment & Erection Company v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

This Court has itself recently invoked these well-established principles regarding federal diversity jurisdiction in finding that the amendment of a complaint to join a nondiverse, yet necessary, party as an additional defendant necessitated remand to the state court from which the action was removed. *See Wimes v. Eaton Corporation,* 573 F.Supp. 331 (E.D.Wis.1983). In that case, the Court found that the joinder of another indispensable Wisconsin defendant whose interests were clearly adverse to those of the Wisconsin plaintiff destroyed the diversity jurisdiction invoked by the Ohio defendant in its removal petition, filed pursuant to 28 U.S.C. § 1332(a).

■ While thus recognizing the validity and force of the general propositions upon which defendant Nercon seeks remand, the Court nonetheless concludes that the circumstances of the present case are sufficiently distinguishable from those cases cited by the movant Nercon to justify denial of its present motion. In reaching this conclusion, the Court notes, as have defendants Siempelkamp and Colonia, that when a case has been properly removed, jurisdiction over it will generally not be defeated by later changes or developments in the action, such as changes in citizenship or in parties. *Southern Pacific Company v. Haight,* 126 F.2d 900, 903 (9th Cir.1942), *cert. denied,* 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942). In fact, under circumstances similar to those of the present case, federal tribunals have explicitly found that

actions of plaintiffs in adding nondiverse parties following discovery need not destroy their original diversity jurisdiction and compel remand to the state court, unless the added parties were indispensable. *See Kaib v. Pennzoil Company,* 545 F.Supp. 1267, 1269–1270 (W.D.Pa.1982); *Barrett v. McDonald's of Oklahoma City,* 419 F.Supp. 792, 793 (W.D.Okla.1976). Indeed, as Professors Wright, Miller, and Cooper observe:

> The addition of indispensable parties should be contrasted with the addition of litigants who are merely necessary or proper. If the addition of a necessary or proper party whose presence destroyed diversity required a remand, the federal courts could be deprived of subject matter jurisdiction by the simple expedient of plaintiff adding a nonessential nondiverse party. Accordingly, in this situation the federal courts usually will not permit the nondiverse party to be added, or it simply will invoke the doctrine of ancilliary jurisdiction and deny remand.

14 Wright, Miller, & Cooper, *Federal Practice And Procedure* § 3739 at 762 (1976).

Examining the merits of the present motion under these general guidelines, it is clear, as defendants Siempelkamp and Colonia contend, that co-defendant Nercon was joined in this action as a joint tortfeasor. Since joint and several liability thus exists between Siempelkamp and Nercon, the plaintiffs could obtain complete relief, if they so desire, from Siempelkamp alone. In short, movant and co-defendant Nercon is not an indispensable party to this litigation. Accordingly, the Court finds that the strict requirement of complete diversity, necessary in cases involving indispensable parties, is not applicable here.

Furthermore, the Court is convinced that judicial, prosecutorial, and defensive economies would be promoted if the parties, as presently aligned, were permitted to proceed with the litigation of their various claims against one another. In the Court's view, no substantive or procedural advantage would be gained by requiring defendants Siempelkamp and Colonia to assert a discrete third-party claim against Nercon and Employers when the merits of the allegations between these co-defendants will presumably be litigated in the context of the cross-claims they have already initiated.

At the time of the status conference of March 15, 1984, the Court granted the plaintiffs leave to join Nercon and its insurer not for the purpose of defeating that jurisdiction upon which the case had been removed but, rather, to facilitate the complete exposition and disposition of all claims arising from the death of William Simons. Nothing in defendant Nercon's motion papers convinces the Court that the presence of nondiverse parties on opposing sides of this action mandates remand to the Wisconsin Circuit Court for Winnebago County.

Finally, the Court notes, if only in response to the peripheral arguments articulated by the parties in their briefs, that the case was *not,* in the language of 28 U.S.C. § 1447(c), "removed improvidently and without jurisdiction...." As defendants Siempelkamp and Colonia observe in their memorandum and as the Court has recited above, all procedural and substantive prerequisites to removal to this tribunal were met on July 28, 1983, when the removal petition was filed. The upshot of today's decision is that the subsequent joinder of additional, nondiverse, dispensable defendants need not defeat the Court's jurisdiction, pursuant to 28 U.S.C. § 1332(a), and thus compel an order for remand.

## CONCLUSION

For the reasons articulated above, the Court hereby DENIES the motion of defendant Nercon for an order remanding this case to the Wisconsin Circuit Court for Winnebago County, pursuant to 28 U.S.C. § 1447(c).