David L. GIGER, Plaintiff-Appellant,

v.

MOBIL OIL CORPORATION,
Defendant-Appellee.

No. 86–2621.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 27, 1987.

Decided July 1, 1987.

D. Jeffrey Ezra Johannes & Marron, P.C., Highland, Ill., for plaintiff-appellant.

Joan L. Moriarty, Roberts, Perryman & Bomkamp, Inc., St. Louis, Mo., for defendant-appellee.

Before BAUER, Chief Judge,
FLAUM, Circuit Judge, and
ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

David Giger sued Mobil Oil Corporation in state court for injuries he suffered on property owned by Mobil but leased to Ronald L. Branding. After the case was removed to federal court on diversity grounds, the trial court granted summary judgment to Mobil because the property was under the exclusive control of Branding. Because the Illinois statute of limitations for bringing a separate suit against Branding had passed, Giger sought leave to make a post-judgment amendment to his complaint, naming Branding as a defendant. The amendment arguably could have related back to defeat the statute of limitations; it would also have destroyed diversity of citizenship and thus required a remand to state court. The trial court denied the motion for leave to amend. Giger appeals both the granting of summary judgment and the denial of leave to amend. We will affirm.

I

David Giger slipped and fell on a patch of ice at the "Mobil Oil Corporation Bulk Plant" on January 3, 1984. He filed a complaint against Mobil Oil Corporation in Illinois state court on December 23, 1985,

about two weeks before the expiration of the Illinois two-year statute of limitations period for personal injury suits, Ill.Rev. Stat., Ch. 110, § 13–202. Service of process was made at the bulk plant. Mobil removed the suit to the United States District Court for the Southern District of Illinois on January 24, 1986. The basis of subject matter jurisdiction was diversity of citizenship. Giger is an Illinois resident. Mobil Oil Corporation is a New York corporation with its principal place of business in New York.

Mobil moved for summary judgment on April 8, 1986. The principal basis for the motion was that Mobil did not control the premises where Giger had fallen, which were leased to one Ronald L. Branding. Giger opposed the motion with a number of arguments: that under Illinois law a landlord could not exempt himself from liability, that Branding was an agent of Mobil, that Mobil was responsible because the damage was caused by a latent defect, and that the question of control was an issue of fact for the jury. Giger did not seek leave to amend his complaint to name Branding as a defendant.

The district court granted summary judgment in favor of Mobil on June 26, 1986. The court held that Mobil was not liable to Giger, because the premises were in the exclusive control of the lessee Branding. The court also held that Mobil was not liable for a latent defect because Branding knew of the defect (a drain that tended to clog) at the time that he leased the premises.

On July 7, Giger filed a Motion to Reconsider, a Motion for Leave to File a Motion for Joinder, and an Alternative Motion to Amend the Complaint. The motion to reconsider, as amended, sought, among other things, that the court vacate the granting of summary judgment in order to permit more discovery. The motions for joinder and to amend the complaint sought to name Branding as an additional defendant. The trial court issued a memorandum and order on August 29, 1986, denying Giger's postjudgment motions. The court did not permit Giger to add Branding as a defend-

ant for several reasons. The joinder of an Illinois resident as a defendant would have destroyed the diversity jurisdiction of the court and required remanding the case to state court before the court could decide whether the joinder of Branding would relate back and thus escape the statute of limitations. In addition, because summary judgment had already been granted to Mobil, there would have been no saving of judicial resources; Giger was free to file suit in state court against Branding.

## II

The question of control of the premises is a fact question. But summary judgment is precluded only by genuine issues of material fact, and here there is no genuine issue with regard to the question of control. Mobil submitted to the court a lease that gave full control of the premises in question to Branding. The lease also required Branding to "keep adjacent sidewalks, curbs and drives in good condition and free from snow, ice, obstructions or encumbrances." Mobil, by contrast, is required by the lease to perform repairs only when the tenant makes a written request for a necessary minor repair. Branding had made no such request. Giger made no showing that would support a finding that Mobil had any control over the premises despite the terms of the lease.

■ Giger relies on the fact that Illinois law does not permit a landlord to exempt himself from liability:

Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property, exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor ... shall be deemed to be void as against public policy and wholly unenforceable.

Ill.Rev.Stat., Ch. 80, § 91. Giger reads the statute to mean that a landlord must always retain control over the premises, because he cannot exempt himself from liability. We decline to hold that leasing complete control of premises is tantamount to "exempting the lessor from liability" under

the statute. A landlord who leases complete control of the premises is no more "exempting" himself from liability than a homeowner who sells his home. Illinois law, as discussed below, lists the circumstances where a landlord is liable for injuries occurring on leased property not under his control. Such a list would be unnecessary if the statutory provision above prevented the landlord ever from relinquishing control.

■ Nor did Giger raise a question of fact whether an agency relationship existed between Mobil and Branding. Giger relies on three facts: the premises were known as "Mobil Oil Corporation Bulk Plant;" service of process was made at those premises and subsequently forwarded to Mobil; and Branding was required by the lease to maintain liability insurance covering Mobil for liability for injuries occurring on the premises. These facts could hardly serve as a basis for concluding that Branding was Mobil's agent, that Branding had the power to affect Mobil's legal relationships with others.

■ Finally, there are exceptions to the general rule in Illinois that "a landlord is not liable for injuries on premises leased to a tenant and under the tenant's control." *Thorson v. Aronson,* 122 Ill.App.2d 156, 258 N.E.2d 33, 34 (2d Dist.1970). The only exception relevant here is "where a latent defect exists at the time of the leasing, which defect is known or should have been known to the landlord in the exercise of reasonable care and which could not have been discovered upon a reasonable examination of the premises by the tenant." *Id.* Mobil submitted an affidavit in which Branding related that before signing the lease he knew that the drain in question would sometimes catch water, causing ice to form. Thus, Branding would not even have to inspect the premises to find the defect; he knew about it. Giger made no showing to counter the affidavit.

### III

■ Giger apparently first became aware that he had not sued the party who controlled the bulk plant premises when

Mobil moved for summary judgment, relying on the fact that the premises were leased to Branding. This came more than two years after Giger's fall; the applicable statute of limitations is two years. A plaintiff in such a situation may seek leave to amend the complaint to add the absent party and seek the aid of Fed.R.Civ.Proc. 15(c), which provides in pertinent part:

An amendment changing the party against whom a claim is asserted relates back if [the claim arises out of the same transaction set forth in the original complaint] and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

A complication in this case is that the addition of Branding would have destroyed the district court's subject matter jurisdiction, which rested on diversity of citizenship; Giger and Branding are both Illinois citizens.

Giger did not seek to bring in Branding upon finding out that Branding ran the bulk plant. Giger opposed Mobil's summary judgment motion on the merits, arguing that questions of fact remained that would determine whether or not Mobil was liable. Not until the court had granted summary judgment in favor of Mobil did Giger seek to bring in Branding.

Rule 15(a) provides that leave to amend the pleadings "shall be freely given when justice so requires." This court has already recognized that the standard of review of a post-judgment denial of leave to amend is not as strict as that of a prejudgment denial. *Twohy v. First National Bank of Chicago,* 758 F.2d 1185, 1196 (7th Cir.1985). *Twohy* involved dismissal for failure to state a claim, but the court stated that the same result would apply to a grant of summary judgment. 758 F.2d at 1197 n. 5. Specifically, while many cases have held

in prejudgment amendment cases that delay alone is not reason enough to deny leave to amend, in post-judgment cases "[d]elay in presenting a post-judgment amendment when the moving party had an opportunity to present the amendment earlier is a valid reason for a district court not to permit an amendment." 758 F.2d at 1196 (quoting *United States Labor Party v. Oremus*, 619 F.2d 683, 690 (7th Cir. 1980)). *See also Fontano v. City of Chicago*, 820 F.2d 213 (7th Cir.1987).

Delay was not the only factor to be considered in deciding whether to permit amendment in this case. Bringing in Branding would have destroyed diversity jurisdiction. The question has been posed by Moore, "After removal, may a plaintiff by amending his complaint to add an additional defendant, whose citizenship destroys diversity, defeat the removal jurisdiction that had properly attached?" 1A Moore's Federal Practice § 0.161[1.–3]. Moore and most of the courts to consider the question have concluded that leave should be denied unless there exist strong equities in its favor.

Such equities may well have existed at the time that Mobil moved for summary judgment. Amending the complaint to add Branding as a defendant and seeking the application of the relation back provision of Rule 15(c) seemed Giger's only chance to escape the statute of limitations problem. The district court stated wryly that Giger is free to sue Branding in state court. We do not mean to prejudge that question; but our examination of the relevant Illinois law has not revealed any way that Giger could pursue a remedy against Branding there.

Had amendment been allowed, the majority rule, cited by the district court in this case, is that the case must be remanded to state court. There is, however, some authority for the proposition that where a nondiverse defendant is added after removal, the court may retain jurisdiction of the case under its ancillary jurisdiction. *Domke v. Siempelkamp Company*, 598 F.Supp. 1119 (E.D.Wis.1984). "[T]he federal courts usually will not permit the nondiverse party to be added, or it [sic] simply will invoke the doctrine of ancilliary [sic] jurisdiction and deny remand." *Id.* at 1123 (quoting 14 Wright, Miller, & Cooper, *Federal Practice and Procedure* § 3739 at 762 (1976)). We do not consider in this case any such jurisdictional basis.

The proposition that ancillary jurisdiction may be used to retain jurisdiction after a nondiverse defendant has been added is questionable under *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). That case began with an Iowa plaintiff and a Nebraska defendant. The Nebraska defendant brought a third-party claim against a second Iowan. The Iowa plaintiff then amended the complaint to name the other Iowan as a defendant (believing at the time that it was a Nebraskan). The court, after granting summary judgment in favor of the Nebraskan, denied the Iowa defendant's motion to dismiss for lack of jurisdiction. The Supreme Court held that this was error, that "neither the convenience of litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction to a plaintiff's cause of action against a citizen of the same State in a diversity case." *Owen Equipment and Erection*, 437 U.S. at 377, 98 S.Ct. at 2404. That language seems to foreclose the application of ancillary jurisdiction in a case such as the present one.

Whether ancillary jurisdiction could be applied or whether a remand to state court would be required, however, Giger's delay in seeking to bring in Branding was clearly adequate reason for the district court to deny the motion. When Mobil's motion for summary judgment alerted him to the fact that Branding was a likely defendant, he had two mutually exclusive choices: either adding Branding and, in all probability, going back to state court or sticking with Mobil alone in federal court. He chose the latter option, lost, and now wants to try the former. His case against Mobil has been adjudicated. He asked the district court to keep that case alive simply to add another defendant. The district court declined. We cannot find that to be an abuse of discretion under the circumstances of this case.

**185**

## IV

For the reasons stated, the judgment of the district court is

AFFIRMED