FOX VALLEY AMC/JEEP, INC., Gus G. Kitsos, and Elaine Kitsos, Plaintiffs–Appellants,

v.

AM CREDIT CORPORATION, American Motors Corporation, et al., Defendants–Appellees.

Nos. 85–1698, 85–2716 and 87–1552.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 12, 1986.

Submitted Sept. 17, 1987.

Decided Jan. 11, 1988.

As Amended on Denial of Rehearing March 8, 1988.

Nicholas T. Kitsos, Nicholas T. Kitsos & Assoc., Chicago, Ill., for plaintiffs-appellants.

Maurice J. McCarthy, Chicago, Ill., for defendants-appellees.

Before POSNER, COFFEY, and FLAUM, Circuit Judges.[*]

POSNER, Circuit Judge.

These consolidated appeals bring before us a variety of orders in a tangled multi-party commercial litigation. We shall simplify ruthlessly. On March 21, 1983, Fox Valley, an American Motors dealer, and Mr. and Mrs. Kitsos, its owners, filed a complaint against American Motors, seeking among other things an injunction against American Motors' trying to replevy its vehicles, which were collateral for loans that the company had made to Fox Valley. On March 24, American Motors removed the action to federal district court pursuant to 28 U.S.C. § 1446, on grounds of diversity, and there filed a counterclaim against Fox Valley only, seeking (and eventually obtaining) a money judgment against Fox Valley, by this time bankrupt and in the hands of a trustee. Along the way the district court fined Mr. Kitsos $5,000 for criminal contempt of a preliminary injunc-

tion which the court had issued against the plaintiffs' selling any of the vehicles in their possession. The appeals challenge mainly the district court's jurisdiction over the lawsuit, the validity of the money judgment obtained by American Motors, and the validity of the contempt judgment against Kitsos. American Motors seeks an award of attorney's fees for defending against what it contends are thoroughly frivolous appeals.

When the suit was removed to federal court on March 24 there appeared to be complete diversity among the parties, and the amount in controversy clearly exceeded $10,000 exclusive of interest and costs. 28 U.S.C. § 1332. The plaintiffs contend, however, that before removal was effected they joined an Illinois resident as an additional party defendant in their state-court action, thus destroying complete diversity and precluding removal. The assertion that they joined an additional defendant is false and is one of numerous factual misrepresentations made by the plaintiffs to the district court and to this court. The docket sheet in the state court action reveals that the plaintiffs on March 22 filed a statement to the effect that on March 25 they would present to the state court a motion to add the additional defendant. Apparently the motion was never made, but in any event would have come too late since by then the state court had lost jurisdiction. The plaintiffs could have tried to add a nondiverse defendant by motion in federal district court, with what result we need not decide, see *Giger v. Mobil Oil Corp.*, 823 F.2d 181, 184 (7th Cir.1987); 1A Moore's Federal Practice ¶ 0.161[1.–3] (2d ed. 1987); they made no such motion.

The plaintiffs have no standing to appeal the judgment against Fox Valley, the bankrupt. The two individual plaintiffs were not parties to the counterclaim, and, with exceptions inapplicable here, see, e.g., *In re Carbide Cutoff, Inc.*, 703 F.2d 259

* Senior District Judge William J. Campbell of the Northern District of Illinois, sitting by designation, was a member of the original panel that heard the appeal in Nos. 85–1698 and 85–2716, but he withdrew because of illness and was replaced by Judge Coffey; at the same time the court ordered the appeal in No. 87–1552 consolidated, without further oral argument, with the previous appeals.

(7th Cir.1983); *In re First Colonial Corp. of America,* 544 F.2d 1291, 1296–98 (5th Cir.1977), only the trustee in bankruptcy can decide whether to appeal a judgment against the bankrupt estate.

■■■ Kitsos challenges the judgment of contempt on three grounds: that it is barred by res judicata, that his violation of the preliminary injunction was not willful, and that he was denied his right to trial by jury. All three challenges are frivolous. It is true that an earlier contempt judgment was entered against him, but it was for violating discovery orders, not for violating the preliminary injunction. At argument his counsel conceded that the judge's finding that the violation of the preliminary injunction was willful was not clearly erroneous. Finally, there is no right to a jury trial in a contempt proceeding where the only punishment imposed is a modest fine (e.g., the $10,000 fine in *Muniz v. Hoffman,* 422 U.S. 454, 476–77, 95 S.Ct. 2178, 2190–91, 45 L.Ed.2d 319 (1975)—twice the fine as here); anyway Kitsos waived any right to a jury trial by failing to request it in the district court.

■■■ It is plain from the above discussion that the main grounds raised in these appeals are frivolous; the other grounds, which we have not bothered to discuss, are even more frivolous. In addition, the plaintiffs' briefs (other than those filed by the Federal Defender, representing Mr. Kitsos in his appeal from the judgment of criminal contempt), are replete with misrepresentations; with syntactical, grammatical, and lexical errors; and with much sheer gobbledygook. The case for sanctions under Fed.R.App.P. 38 is plain. The defendants are directed to submit to the clerk of this court, within 15 days, a verified statement of the legal fees and other expenses incurred by them in defending against these appeals, except that no sanctions shall be awarded for the costs of defending against the appeal from the judgment of criminal contempt.

AFFIRMED WITH SANCTIONS.