FIFTH DIVISION

December  , 1997

No. 1-96-2099

ECONOMY MECHANICAL INDUSTRIES,  ) Appeal from the

INC.,  ) Circuit Court of

  ) Cook County.

Plaintiff-Appellant,  )

  ) No. 95 L 11112

v.  )

  )

T.J. HIGGINS COMPANY,       ) The Honorable

  ) David G. Lichtenstein,

Defendant-Appellee.  ) Judge, Presiding.

JUSTICE HOURIHANE delivered the opinion of the court:

In this appeal, we are asked to determine whether a clause in a commercial lease is void as against public policy pursuant to the provisions of the Landlord and Tenant Act (Act) (765 ILCS 705/0.01 
et seq.
 (West 1996)).  We find that it is and therefore affirm the judgment of the circuit court dismissing the plaintiff's complaint with prejudice.

Plaintiff, Economy Mechanical Industries, Inc., filed a one-count Complaint for Breach of Lease against defendant, T.J. Higgins Company.  Plaintiff leased certain warehouse space to defendant pursuant to the terms of an "Industrial Building Lease".  Paragraph 5 of the lease, titled "Indemnity for Accidents", provides as follows:

"Lessee covenants and agrees that he will protect and save and keep the Lessor forever harmless and indemnified against and from any penalty or damages or charges imposed for any violation of any laws or ordinances, whether occasioned by the neglect of Lessee or those holding under Lessee, and that Lessee will at all times protect, indemnify and save and keep harmless the Lessor against and from any and all loss, cost, damage or expense, arising out of or from any accident or other occurrence on or about the Premises, causing injury to any person or property whomsoever or whatsoever and will protect, indemnify and save and keep harmless the Lessor against and from any and all claims and against and from any and all loss, costs, damage or expense arising out of any failure of Lessee in any respect to comply with and perform all the requirements and provisions hereof."

Plaintiff alleged that one of its employees sustained injuries while on the leased premises and that as a result plaintiff was required to pay $35,135.92 in workers' compensation benefits.  Plaintiff seeks to recover this sum from defendant based on the provisions of paragraph 5 of the lease.  The complaint is devoid of any detail as to the circumstances of the injury, and contains no allegation as to whether the negligence of defendant, plaintiff, or plaintiff's employee proximately caused the injury.  

 Defendant filed a motion to dismiss pursuant to section 2-619(a)(9) (735 ILCS 5/2-619 (West 1996)), arguing, 
inter alia
, that under the Act, paragraph 5 of the lease is void as against public policy.
(footnote: 1)  The trial court ruled that plaintiff's contract claim against the defendant is barred by virtue of Illinois public policy forbidding indemnity claims in the circumstances averred and dismissed plaintiff's complaint with prejudice.  Plaintiff appeals. 155 Ill. 2d R. 301.

ANALYSIS

Under section 2-619(a)(9), a cause of action will be dismissed where "the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim."  735 ILCS 5/2-619(a)(9) (West 1996).   An "affirmative matter" is something in the nature of a defense which completely negates the cause of action or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint.  
Bucci v. Rustin
, 227 Ill. App. 3d 779, 782, 592 N.E.2d 297 (1992).  We review 
de novo
 the grant of a section 2-619 motion. 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116, 619 N.E.2d 732 (1993).

The Act provides, in its entirety, as follows:

"Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property, exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his or her agents, servants or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to be void as against public policy and wholly unenforceable."  765 ILCS 705/1 (West 1996).

Citing 
Madigan Brothers, Inc. v. Melrose Shopping Center Co.
, 198 Ill. App. 3d 1083, 556 N.E.2d 730 (1990), plaintiff argues that because this is a contract action, not a negligence action, the Act is inapplicable.  In 
Madigan Brothers
, a shopping center tenant sued his landlord for breach of contract when the roof over the tenant's store collapsed due to water damage.  In defense of the action, the landlord invoked the exculpatory provisions of the lease.  The tenant argued that such provisions were void as against public policy under the Act.  On appeal, the court held that because the Act refers only to lease provisions that relieve the landlord of liability for its own "negligence", application of the Act is limited to negligence actions.  Since the landlord was sued in contract, the Act did not apply, and the exculpatory provisions would be given effect.  Only after determining that the Act did not apply, did the court consider the lease language.

We decline to adopt the rationale set forth in the 
Madigan Brothers
 decision.  Under 
Madigan Brothers
, where a lessor is sued under theories of both negligence and breach of contract and defends both claims on the basis of an exculpatory covenant in the lease, such covenant would be void as to the negligence claim, but not void as to the contract claim.  Similarly, where a lessor has multiple tenants and uses a standardized lease containing an exculpatory provision, such provision would be void only as to those tenant claims asserting negligence, but not those tenant claims arising under the lease.  We do not believe that the same lease provision can be simultaneously void and not void.

Zion Industries, Inc. v. Loy
, 46 Ill. App. 3d 902, 361 N.E.2d 605 (1977), cited in the 
Madigan Brothers
 decision, lends scant support to the proposition that the theory of recovery controls whether an exculpatory lease provision will be deemed void.  In 
Zion Industries
, the Act was held inapplicable not because the claim was based on a breach of contract, but because the subject lease was executed prior to the effective date of the Act.  In dictum, the court speculated that even if the Act was in effect at the time of execution of the lease, the Act's applicability was "doubtful".  The court cited two reasons: (1) because the action was not founded on negligence
; and (2) 
because nowhere in the lease did the landlord attempt to excuse himself from injuries due to his negligence
.  Thus, we do not find 
Zion Industries
 or 
Madigan Brothers
 persuasive.

The Act makes it clear that certain types of lease provisions shall be deemed void as against public policy.  Whether a particular lease provision is void depends not on the cause of action in which the lease provision is invoked, but rather, whether the language of the lease provision runs afoul of the statutory prohibition.
  If it does, the lease provision is void and without effect.  A void lease provision
 cannot be used to avoid liability nor to shift financial responsibility therefor.  Thus, in the case at bar, the fact that the plaintiff landlord has filed a contract action against its tenant, rather than a negligence action, is of no consequence.  If the lease provision is void under the Act, it cannot be the basis for a claim by the plaintiff, irrespective of how the claim is denominated.

We consider, therefore, whether the lease provision at issue here is in conformity with the Act.  Although the Act expressly prohibits only lease 
exculpatory
 provisions, it has been construed as also prohibiting certain lease 
indemnification
 provisions.
  
McMinn v. Cavanaugh
, 177 Ill. App. 3d 353, 356-57, 532 N.E.2d 343 (1988).  An exculpatory clause deprives the tenant of its right to recover damages for harm sustained by the tenant as a result of the landlord's negligence.  An indemnification or "hold harmless" clause concerns the risk of harm to third parties caused by the landlord's negligence and seeks to shift the financial burden, for ultimate payment of damages, from the landlord to the tenant.  See generally Annotation, 
Validity of Exculpatory Clause in Lease Exempting Lessor from Liability
, 49 A.L.R.3d 321, 323 n.2 (1973).  The same lease provision may have characteristics of both indemnification and exculpation.

No argument was made before the circuit court or in defendant's appellate briefs that paragraph 5 of the lease seeks to 
exculpate
 plaintiff from liability for its own negligence.
(footnote: 2)  Rather, the only issue raised is whether paragraph 5 
indemnifies
 plaintiff for its own negligence.  Plaintiff argues that under the strict construction rules applicable to indemnification agreements, paragraph 5 should not be construed as indemnifying plaintiff against its own negligence unless such intention is expressed in unequivocal terms.  
Mosely v. Northwestern Steel and Wire Co.
, 76 Ill. App. 3d 710, 717, 394 N.E.2d 230 (1979).  Plaintiff contends that paragraph 5 plainly refers to the conduct of lessee as the basis of indemnification and that the agreement does not, therefore, run afoul of the Act.  We disagree.

While it is true that the first clause of paragraph 5 refers to the "neglect of Lessee" as the basis of indemnification, the second clause is not so narrowly tailored.  The second clause provides that:

"Lessee will at all times protect, indemnify and save and keep harmless the Lessor against and from 
any and all
 loss, cost, damage or expense, arising out of or from any accident or other occurrence on or about the Premises, causing injury to any person or property whomsoever or whatsoever ***." (Emphasis added.)

In an indemnity agreement, a general reference to "any and all" claims, losses, injuries, and the like, will generally be construed as indicating an intention by the parties that the indemnitee be indemnified for damages resulting from the indemnitee's own negligence.  See 
Ahlvers v. Terminal Railraod Ass'n
, 31 Ill. App. 3d 166, 171, 334 N.E.2d 329 (1975); 
Rios v. Field
, 132 Ill. App. 2d 519, 522, 270 N.E.2d 98 (1971).  It is not necessary that there be a specific reference to indemnification for the indemnitee's own negligence.  
Duffield v. Marra, Inc.
, 166 Ill. App. 3d 754, 764, 520 N.E.2d 938 (1988); 
J.B. Stein & Co. v. Sandburg
, 95 Ill. App. 3d 19, 22, 419 N.E.2d 652 (1981); 
Ahlvers
, 31 Ill. App. 3d at 171; 
Rios
, 132 Ill. App. 2d at 521-22.  Thus, the "any and all" language appearing in paragraph 5 of the lease is sufficient to include indemnification for the plaintiff's own negligence.  Furthermore, language identical to the second clause of paragraph 5 has been found sufficient, under the rules of strict construction, to indemnify the lessor from his own negligence.  
Leach v. Eychaner
, 
1 Ill. App. 3d 327, 273 N.E.2d 55 (1971).   We see no reason to depart from this court's prior construction of these standard lease clauses.  Accordingly, we find that paragraph 5 of the lease  indemnifies plaintiff for its own negligence and thus that paragraph 5 is void as against public policy under the Act.  That plaintiff may not have been seeking to be indemnified for its own negligence does not impact our construction of the lease.
(footnote: 3)
We next consider plaintiff's argument, raised for the first time in its reply brief, that indemnity clauses of this type are nonetheless valid under the doctrine of active-passive negligence.  See 
Kuhn v. General Parking Corp.
, 98 Ill. App. 3d 570, 424 N.E.2d 941 (1981).  Under this doctrine, courts recognized a right of equitable implied indemnity, permitting the passively negligent party to shift the entire burden of the plaintiff's loss to the actively negligent tortfeasor.  
Frazer v. A.F. Munsterman, Inc.
, 123 Ill. 2d 245, 256, 527 N.E.2d 1248 (1988).  Initially, we note that implied indemnity based on active-passive negligence is no longer a viable theory of recovery.  
Allison v. 
Shell Oil Co.
, 113 Ill. 2d 26, 35, 495 N.E.2d 496 (1986).  Even assuming the continuing validity of this now obsolete doctrine, plaintiff's claim is not based on a right of implied indemnity, but rather, on the express indemnity provisions of the lease.  Moreover, even if the plaintiff had a right of implied indemnity under some other theory (see 
Richardson v. Chapman
, 175 Ill. 2d 98 (1997)), such is not determinative of whether the subject lease provision is void under the Act.

Finally, plaintiff cites 
Giger v. Mobil Oil Corp.
, 823 F.2d 181 (7th Cir. 1987), in support of its contention that the Act does not apply where the lessor has relinquished complete control of the premises to the lessee.  Assuming that plaintiff did, in fact, relinquish complete control of the premises to defendant--and there is no such allegation--such circumstances would not, under 
Giger
 or otherwise, trigger some sort of exception to application of the Act.  In 
Giger
, 
plaintiff sued Mobil Oil for injuries plaintiff sustained while on property owned by Mobil Oil, but leased to a third party.  Mobil Oil moved for summary judgment, asserting that its lessee controlled the premises.  Plaintiff opposed the motion, arguing that because the Act prohibits a landlord from exempting itself from liability, a landlord must always retain control over the premises.  The court of appeals properly rejected this argument, declining to equate the Act's prohibition of a lessor's exemption from liability with a lessor's relinquishment of control of the leased premises.  Thus, 
Giger
 lends no support to plaintiff's argument that the Act is inapplicable under the circumstances present here.
  

For the reasons set forth above, we affirm the judgment of the circuit court dismissing plaintiff's complaint with prejudice.

Affirmed.

PRESIDING JUSTICE HOFFMAN, dissenting:

     The majority concludes that the lease clause in issue arguably requires the defendant-lessee to indemnify the plaintiff-lessor for losses sustained as a consequence of the plaintiff's own negligence.  While I agree conceptually with such a conclusion, I must respectfully dissent as I do not believe that indemnity clauses are void by reason of the provisions of section 1 of the Landlord and Tenant Act (Act) (765 ILCS 705/1 (West 1996)).  

     Section 1 of the Act renders unenforceable "[e]very covenant, agreement or understanding in or in connection with or collateral to any lease of real property, 
exempting the lessor from liability
 for damages for injuries to person or property caused by or resulting from the negligence of the lessor ***."  (Emphasis added.)  765 ILCS 705/1 (West 1996).  The clear and unambiguous language of this statute addresses only exculpatory clauses, that is, clauses which exempt a landlord from liability.  No mention is made of indemnity clauses which have no effect upon the landlord's underlying liability to an injured party but which merely shift the loss by creating an action over in favor of the landlord against the lessee-indemnitor.  

     In 
McMinn v. Cavanaugh
, 177 Ill. App. 3d 353, 356, 532 N.E.2d 343 (1988), this court recognized that the proscription in section 1 of the Act is in derogation of the common law and must, therefore, be strictly construed.  The 
McMinn
 court also acknowledged the distinction between exculpatory contracts and indemnity contracts.  
McMinn
, 177 Ill. App. 3d at 356-57.  However, in spite of its own legal analysis and the clear language of the Act, the 
McMinn
 court concluded that:

     "Despite the distinction between exculpation and indemnification, an indemnity clause in a lease has the same effect as a lease exculpation clause: the landlord does not pay.  We cannot believe that the legislature, while prohibiting landlords from avoiding paying claims through exculpation intended to allow landlords to avoid paying claims through indemnity.  We hold that the Act, by clear and necessary implication, forbids indemnity agreements in leases as well as exculpatory

agreements."  
McMinn
, 177 Ill. App. 3d at 362.

Although I agree with the legal analysis set forth in 
McMinn
 as it relates to the construction of statutes in derogation of the common law and the distinction between excuplatory and indemnity clauses, I cannot agree, however, with the conclusion reached by the 
McMinn
 court that the Act renders indemnity agreements in leases void.

     The primary rule of statutory construction is to ascertain and effectuate the intent of the legislature.  
People ex rel. Hanrahan v. White
, 52 Ill. 2d 70, 73, 285 N.E.2d 129 (1972).  If the intent of the legislature is manifest through its use of plain, clear, and unambiguous language, courts must enforce the statute as enacted without resorting to other aids for construction.  
In re Marriage of Logston
, 103 Ill. 2d 266, 469 N.E.2d 167 (1984).  Courts are not at liberty to alter the plain meaning of the words employed by forced or subtle construction.  
 People ex rel. Pauling v. Misevic
, 32 Ill. 2d 11, 15, 203 N.E.2d 393 (1964).  "There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports."  
People ex rel. Scott v. Schwulst Building Center, Inc.
, 89 Ill. 2d 365, 371, 432 N.E.2d 855 (1982).  

     A simple reading of section 1 of the Act reveals that the legislature voided only excuplatory clauses in leases.  When it chooses, the legislature is well able to address the enforcability of indemnity agreements.  See 740 ILCS 35/1 (West 1996) (voiding certain indemnity agreements in contracts for improvements on real property).  But in the case of section 1 of the Act, the legislature chose, for whatever reason, not to do so, and no amount of judicial construction can change that fact.

     The majority seems to base its holding on an acceptance of the conclusion reached in 
McMinn
 when it finds that the indemnification clause in the lease agreement between the parties in this case is void under the Act.  Because I do not believe that the Act renders indemnification clauses such as the one in issue void as against public policy, I would decline to follow 
 McMinn
 and reverse the judgment of the trial court.  Consequently, I must respectfully dissent.    

              

    

FOOTNOTES
1: Plaintiff also sought dismissal under section 2-619(a)(5), claiming the action was barred by the relevant statutes of limitations.  The trial court apparently did not adopt this argument and plaintiff does not raise this issue on appeal.

2:
But see 
American Transportation Co. v. U.S. Sanitary Specialties Corp.
, 2 Ill. App. 2d 144, 118 N.E.2d 793 (1954) (where, in an action by the tenant against the landlord for breach of the covenant of quiet enjoyment, trespass, and negligence, the parties and the court treated identical language as exculpating the landlord from liability for all such claims).

3:
Tangentially, we note that during oral argument plaintiff maintained that there is no suggestion in the complaint that plaintiff sought to be indemnified for its own negligence, but that it is irrelevant which party may have been negligent.  Thus, plaintiff's interpretation of paragraph 5 necessarily includes indemnification for plaintiff's own negligence.